WILBER, Respondent, vs. FOLLANSBEE, Appellant.

*October 2 — December 10, 1897.*

*Landlord's liability for defects in premises: Repairs by independent contractor: Evidence: Instructions: Special verdict.*

1. A landlord, in making repairs and improvements, even voluntarily, to the demised premises, owes a duty of reasonable care to the occupying tenants not to make the same inconvenient or dangerous, and he cannot escape that duty by placing the work with an independent contractor.
2. A landlord who fails to perform his duty in that respect is liable to a tenant who suffers injury through a defect occurring in the progress of such repairs, though he had no actual knowledge thereof.

Wilber vs. Follansbee.

3. In an action for an injury caused by such a defect, evidence is ad-
    missible to show that the plaintiff had good health previous to
    the accident, and that impaired health followed it, as tending to
    show that the accident was the cause of such impaired health.
4. The test, in such an action, as to whether the defect alleged was
    the proximate cause of the injury was whether it was such that
    a person of ordinary intelligence and prudence should have fore-
    seen that an accident was liable to be produced by that cause,
    and an instruction which gives that as one definition of proxi-
    mate cause, and also defines it as the "immediate cause," though
    not very clear, is not error, in the absence of a request for more
    direct instructions.
5. Where the injury sued for was caused by the tenant's stumbling
    over rubbish left in a hallway in making repairs to the premises,
    and the question whether the condition of such hallway and the
    failure of the landlord in the care thereof were the proximate
    cause of the accident, has been submitted to the jury for a spe-
    cial verdict, it is not error to refuse to submit the question whether
    the presence of such rubbish was the proximate cause thereof, be-
    cause the ground is covered by the former question.

APPEAL from a judgment of the circuit court for Milwau-
kee county: D. H. JOHNSON, Circuit Judge.   *Affirmed.*

The defendant is the owner of a block of tenements in the
city of Milwaukee.   It was occupied by a considerable num-
ber of tenants.   The plaintiff had rented and occupied a flat
on the second floor, which she used both for a residence and
a place of business.   A stairway which opened from the
street extended up through the building to the third and
fourth floors.   This was used in common by all the tenants
of the building, as occasion required.   There was also a
"back stairs" opening upon an alley, which the plaintiff
could use.   There was a landing at the top of the stairs,
which communicated with the plaintiff's apartments through
a short hall.   The defendant, without consulting her tenants,
was engaged in making quite extensive improvements, re-
modeling, and repairs of the building, for her own purposes.
A story was added to the height of the building, and changes,
remodeling, and repairs of the halls and stairways were

made. The stairs and hallways became littered and obstructed by rubbish and *débris*, from the work which was going on in making the repairs, to such a degree that they became unsafe and dangerous to persons using them. The plaintiff, in attempting to pass from her apartments to the street, slipped or stumbled upon some rubbish in the hallway, fell down the stairway, and was injured.

There was a special verdict, as follows: " (1) Was the plaintiff the tenant of the defendant at the time in that behalf alleged in the complaint, and in the building described in the complaint, at the time of her injury? Answer: Yes. (2) Was the place where the plaintiff claims to have been injured commonly and necessarily used by the plaintiff and the other tenants of the defendant in the same building, for the purpose of entering and leaving the said building? Answer: Yes. (3) Was such place in a reasonably safe condition for passage and repassage at the time of the plaintiff's alleged injury? Answer: No. (4) If, in answer to the last interrogatory, you say that such place was not in a reasonably safe condition for passage and repassage, was such condition the result of the want of ordinary care on the part of the defendant in the matter of providing safe means of entrance and exit for her tenants in said building? Answer: Yes. (5) If you say that said place was not in a safe condition, and that its condition was the result of a want of ordinary care on the part of the defendant, were the condition of said place and the failure of the defendant in the matter of the care thereof the proximate causes of the plaintiff's injury? Answer: Yes. (6) If you say that the place where the plaintiff fell was not in a reasonably safe condition for passage and repassage, was such condition known to the defendant, or could she, in the exercise of reasonable care, have known the same at the time of the plaintiff's injury? Answer: Yes. (7) Was the plaintiff guilty of any want of ordinary care on her part, which proximately caused or contributed to the injury of which she complains? An-

swer: No.   (8) If the court should be of the opinion that the plaintiff should recover, in what sum do you assess her damages?   Answer: $1,450.   (9) Was there, at the time of the plaintiff's injury, a safe and reasonably convenient means of exit from the rooms of the plaintiff to the street, other than by way of the stairway down which the plaintiff fell? Answer: No."

The plaintiff had judgment on the verdict, from which the defendant appeals.

For the appellant there was a brief by *Winkler, Flanders, Smith, Bottum & Vilas*, and oral argument by *J. G. Flanders*. They argued, *inter alia*, that if the accident was due solely to the negligence of an independent contractor the landlord was not liable, and the court erred in excluding evidence that the work was under the control of such a contractor. *Smith v. Milwaukee Builders' & Traders' Exchange,* 91 Wis. 360; *Hackett v. W. U. Tel. Co.* 80 id. 187; *Carlson v. Stocking,* 91 id. 432; *Cole v. McKey,* 66 id. 500.   He could not be held to have authorized any incidents of the work resulting purely from such contractor's negligence.   *Scammon v. Chicago,* 25 Ill. 424; *Wertheimer v. Saunders,* 95 Wis. 573. To make the landlord liable he must have had notice of the defect a sufficient time before the accident to enable him to remove it.   *Deisenrieter v. Kraus-Merkel M. Co.* 92 Wis. 169. The charge of the court upon the subject of proximate cause was misleading.   The admission of testimony as to plaintiff's health before and after the accident, without showing a causal relation between those conditions and the accident, was error.

For the respondent there was a brief by *Quarles, Spence & Quarles*, and oral argument by *W. C. Quarles*.

The following opinion was filed October 22, 1897:

NEWMAN, J.   The appellant assigns errors as follows: (1) The rejection of her offer to prove that the work of improvement and repairs was being done by an independent

contractor. (2) The refusing to admit in evidence the contract under which the work was being done. (3) The admission of testimony to show the condition of plaintiff's health before and after the accident, without showing any causal relation between the accident and her alleged altered condition of health. (4) The giving of several instructions excepted to. (5) Refusing to submit for special verdict questions requested by the appellant. (6) The verdict is not sufficient to support the judgment. (7) The refusal to set aside the verdict and grant a new trial.

1. On this point the case is ruled by the recent case of *Wertheimer v. Saunders*, 95 Wis. 573. In that case it was held, on full consideration, that the landlord, in making repairs and improvements to the demised premises, owes a duty of reasonable care to the occupying tenants, which he cannot escape by placing the work with an independent contractor; especially if the work to be done is attended with danger to the tenants. Evidently, the accomplishment of the improvements and repairs contemplated would render some degree of danger imminent to such as should use the stairways and halls during its progress. So, the fact that the work was being done by an independent contractor was entirely irrelevant to the question of the defendant's liability. This is entirely aside from the question of the defendant's liability to her tenant to make repairs. She made them voluntarily, and for the advancement of her own purposes. It is immaterial whether the hall and stairway were a part of the premises demised to the plaintiff. They were intended and used for the convenience of all the tenants of the building. The plaintiff had the undoubted right to use the stairway for a convenient way of access to and egress from the apartments leased by her. The defendant had no right to make the way inconvenient or dangerous to her use. *Dollard v. Roberts*, 130 N. Y. 269; *Peil v. Reinhart*, 127 N. Y. 381; *Looney v. McLean*, 129 Mass. 33.

Wilber vs. Follansbee.

2. The contract in evidence, if received, could only go to prove an irrelevant fact. Its exclusion was not erroneous.

3. The fact itself of the plaintiff's good health previous to the accident, together with the fact that impaired health followed it and continued, is evidence which tends to prove that the accident was the cause of the impairment of health, and, in some circumstances, would alone be sufficient to establish it. But this evidence was supplemented by the testimony of the physician who dressed her wounds and attended upon her recovery. He testified to nervous shock and serious derangement of the nervous system immediately following the accident, where no such trouble existed before. The evidence was competent and sufficient to support a verdict that the accident was the cause of the impaired health. There was no error in the reception of the testimony, or the refusal to strike it out.

4. The principal objection urged against the charge, and relied on, relates to the definition of the term "proximate cause." The court said: "The proximate cause is an immediate cause,— a cause which does not require the intervention of any other cause. It is also sometimes defined to be a cause from which a person of ordinary intelligence would anticipate or might anticipate the result which is claimed to have followed." The most obvious criticism of this instruction is that it does not instruct. To be useful, an instruction should not, as a rule, be the statement of a mere legal proposition, but should state the rule of the law as applicable to the facts of the particular case. No doubt all that the judge said was correct, but it may well be doubted if it at all illuminated the case to the apprehension of the jury. The "proximate cause" is the *immediate* cause,— in the sense of *nearest* cause,— and does not admit the intervention of any other cause. It is also sometimes defined, as the judge stated, as' a cause from which a person of ordinary intelligence should anticipate some accident. But it may well be doubted if all

this definition really conveyed to the jury any adequate information of what is meant by the term "proximate cause," as applied to this particular case and accident. In this case the cause of the accident was manifest. It was the presence of some obstructive matter, on which the plaintiff stumbled or slipped. The case called for no discrimination between proximate and remote causes. The one cause which appeared was sufficient if it was *proximate* in the legal sense. The sole question was, Was this cause proximate to the accident? The test is whether it is such that a person of ordinary intelligence and prudence should have foreseen that an accident was liable to be produced by that cause. The judge informed the jury that it was sometimes defined in that way. It would probably have been more helpful to the jury had he stated directly that that was the test to be applied in this case. But he was not asked to give that instruction. What the judge did give was not erroneous. It was not so luminous as it might have been. If the defendant desired more full or more direct instructions, she should have asked for them. *McCoy v. Milwaukee St. R. Co.* 88 Wis. 56.

5. The defendant did not elaborate this point in his brief, and it is not quite certain to what it was intended to be applied. It is supposed, however, that it relates more especially to the fourth question of the defendant's proposed special verdict. It was: "Was the presence of water, rubbish, or *débris*, on the floor of the hall, the proximate cause of the accident?" At least, this was the question proposed to cover this point of proximate cause. It is not perceived in what respect the fifth question in the verdict, as found by the jury, fails to cover the ground intended to be covered by this question.

6. The only grounds alleged of insufficiency of the special verdict not sufficiently covered by what has already been said relate to the question whether the defendant had sufficient notice of the condition of the hallway and stairs. The

verdict finds that she had knowledge of its condition "at the time of the accident." It is said that this is not sufficient notice; that she should have had notice a sufficient time before the accident to have enabled her to have removed the cause of danger. But it was not necessary that she should have actual knowledge of the defect. Her duty was that of due care. Ignorance of the defect was no defense. *Lindsey v. Leighton*, 150 Mass. 285; *Wertheimer v. Saunders*, 95 Wis. 573.

7. This is covered by what has been already said.

No reversible error is found.

*By the Court.*— The judgment of the circuit court is affirmed.

The appellant moved for a rehearing, and the following opinion was filed December 10, 1897:

NEWMAN, J. The motion for a rehearing is based upon criticism of the opinion which holds that part of the charge of the trial court which attempted to define the term *proximate cause* not erroneous. The precise question made is whether it was erroneous, on the facts of the case, for the court to say: "The *proximate* cause is the *nearest* cause," or, as the argument on the motion puts it, the *direct* cause. It is undeniably true, on the facts of the case, that the *nearest* cause, in the order of causation, to the accident, was both the *direct* and the *proximate* cause of the accident. So the jury could not well be misled by the definition which the court gave, although, clearly, it was defective as a comprehensive definition of the term "proximate cause." But it is no part of the office of instructions to give comprehensive definitions of legal terms, nor to state mere abstract propositions of law. It is, rather, to state clearly so much of the law of the subject as is applicable to the facts of the particular case. On this theory of the office of instructions, the

instructions criticised cannot be denounced as erroneous. So far as they went, they were not erroneous. The real criticism to which they are liable is, perhaps, that they did not go so far as was desirable. But the facts of the case were simple, and easily understood. It required no profound or extensive exposition of the law of *proximate cause* to enable the jury to determine whether the *evident* cause of the accident was the *proximate* cause. Certainly, if the defendant desired further or more definite instructions, she should have asked for them. There was no misdirection.

*By the Court.*—The motion for a rehearing is denied.