PALMER and another, Appellants, vs. THE CITY LIVERY COMPANY, Respondent.

*November 18 — December 10, 1897.*

*Landlord and tenant: Forfeiture of lease: Waiver.*

A lessor, upon default in the payment of rent, brought summary proceedings to recover possession of the premises. From a judgment awarding such possession to him the lessee appealed, and gave an undertaking, under sec. 3368, R. S., to stay proceedings during the pendency of the appeal, conditioned to pay rent during such pendency. *Held,* that the lessor did not, by accepting the rent secured by such undertaking, waive his right to insist on the forfeiture of the lease for nonpayment of previous rent.

APPEAL from a judgment of the circuit court for La Crosse county: O. B. WYMAN, Circuit Judge. *Reversed.*

The plaintiffs are the owners of a livery barn in the city of La Crosse. The defendant occupied the barn under a lease. Rent became in arrear. The plaintiffs made demand for its payment or the surrender of the premises. The defendant neither paid the rent nor surrendered the premises. The plaintiffs brought suit for the possession, and obtained judgment for possession of the premises. The defendant appealed to the circuit court, and gave the undertaking required by R. S. sec. 3368, to stay proceedings during the pendency of the appeal. This undertaking was conditioned, among other things, to pay rent during the pendency of the appeal. Three months' rent of the premises was paid, for the time during the pendency of the appeal, and received by the plaintiffs. Afterwards, on the trial, the receipt of this rent was urged as a waiver of the previous breach in the nonpayment of rent. The court rendered judgment for the defendant, dismissing the complaint. From this judgment the plaintiffs appeal.

For the appellants there was a brief by *Higbee & Bunge,* and oral argument by *E. C. Higbee.*

*C. L. Hood,* for the respondent.

NEWMAN, J.    The question is whether the receipt of the rent by the plaintiffs was, in the circumstances, a waiver of their right to insist on the forfeiture of the lease.    It is the settled law, no doubt, that the landlord who, with knowledge of the breach of the condition of a lease for which he has a right of re-entry, receives rent which accrues subsequently, waives the breach, and cannot afterwards insist on the forfeiture.    *Gomber v. Hackett,* 6 Wis. 323; *Conger v. Duryee,* 90 N. Y. 594.    This is on the ground that the landlord has an election.    He may choose whether he will declare the lease at an end, and re-enter at once, or whether he will overlook the breach, and let the lease remain in force. Of course, he cannot do both, for the two courses lead in opposite directions; and, because the taking of rent which accrues subsequently to the breach is incompatible with a rescission of the lease, it is held that the acceptance of rent, under such circumstances, is clear evidence of an election to have the lease continue in force.    The rule, being founded on the exercise of his option by the landlord, can have no place in a situation where no option is afforded him.

The only question here is whether the rule of election applies, in the facts of this case.    Practically the question is whether the plaintiffs were in a situation in which they had a choice.    If they had no choice they could be bound by no election.    The situation is clear.    There was a breach of a condition of the lease which gave the plaintiffs the right of re-entry.    They elected to terminate the lease, gave the proper notice, and brought their proper action.    They obtained judgment for restitution.    The defendant appealed, and gave its undertaking.    This undertaking bound it to pay the rent, and gave it the right to remain in possession

during the pendency of the appeal. The plaintiffs had no option in the matter. It is clear that from that time the occupation of the defendant was against the consent of the plaintiffs. It was not referable to the lease, but to the situation created by the appeal and undertaking, and could be no proper evidence that the plaintiffs had elected to waive their right to terminate the lease. So, the payment and receipt of the rent are referable to the situation, and not to the plaintiffs' choice. The law does not intend the absurd conclusion that the plaintiffs must forego all rents during the pendency of the appeal, under penalty of forfeiting all their rights in the action. It has been at too much pains to secure such rents to them for that conclusion. That a party abides by a situation in which the law places him is no evidence that the situation is of his choice, nor binding upon him as an election.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded for a new trial.