### C. J. MYHRE v. GUSTAV SCHLEUDER and Another.[1]

June 8, 1906.

Nos. 14,740—(79).

**Landlord and Tenant.**

A landlord who authorizes his tenant on the second floor of a building to reconstruct a porch and stairway suitable for such tenant's purposes, at his own cost, the same to be under the tenant's exclusive control, is liable to another tenant, or servants, occupying the first floor, for a failure to exercise ordinary care in seeing that the improvement is made reasonably safe.

**Liability for Repairs by Tenant.**

The landlord does not escape such obligation by turning the whole matter over to the upper tenant with full authority to act; himself remaining in ignorance of the plan and manner of executing the work. In such case he stands in the same relation to his lower tenant as though he had himself made the improvement.

**Evidence.**

The evidence supports the claim that the platform was defectively constructed, collapsed for that reason, and that the landlord failed to exercise the proper degree of care to supervise the improvement. No errors.

Action in the district court for Mower county against defendants, Gustav Schleuder, the owner, and Forest A. Schleuder, the tenant of a building, to recover $20,000 for personal injuries sustained by plaintiff through the collapse of a porch or platform constructed and attached to the building by the tenant in an alleged negligent manner. The case was tried before Kingsley, J., and a jury, which rendered a

[1] Reported in 108 N. W. 276.

verdict in favor of plaintiff for $2,000. From an order denying a motion for judgment notwithstanding the verdict or for a new trial, defendant Gustav Schleuder appealed. Affirmed.

*Lafayette French* and *Thomas Spillane,* for appellant.

While liable for his own acts defendant Gustav Schleuder was not liable for the negligent acts of his tenants. Krueger v. Ferrant, 29 Minn. 385, 387; Rosenfield v. Newman, 59 Minn. 156, 160; Harpel v. Fall, 63 Minn. 520; Jones, L. & T. § 579.

The tenant and not the landlord is liable to third persons rightfully upon the premises, for any accident or injury occasioned to them by the premises being in a dangerous condition, except in the following cases: (a) Where the landlord is under a covenant to keep the premises in repair, or where the defect is in that portion of the premises over which the lessor retains control. (b) Where the lessor demises premises with a nuisance thereon, or where, at the time of a demise, the premises were so constructed, or in such a defective condition that the reasonable use of them by the tenant would create a nuisance. (c) Where the premises are let to be used for a purpose which may reasonably be expected to create a nuisance. (d) And possibly where the cause of the injury is created with the license, consent or participation of the lessor. Jones, L. & T. § 599; Ray, Neg. (Personal) 46; 1 Thompson, Neg. § 1156; Griffin v. Jackson, 128 Mich. 653, 92 Am. St. 496, 526, and note.

The lessor is not the principal of his lessee, nor responsible for his torts, active or negligent, nor is the lessor responsible to third persons injured on the leased premises by reason of his tenant's negligence or improper use of the premises demised. Wood, L. & T. 619, 622; Griffin v. Jackson, supra; 1 Jaggard, Torts, 224, and cases cited; Ray, Neg. (Personal) 61. Nor is the landlord responsible for nuisances created during the term. 1 Thompson, Neg. § 1162. Nor is the landlord liable for injuries inflicted by one tenant upon another. 1 Thompson, Neg. § 1179; McCarthy v. York, 74 Me. 315; Murray v. Richards, 1 Allen, 414; O'Connor v. Andrews, 81 Tex. 28; Grogan v. Broadway, 87 Mo. 321; Caldwell v. Slade, 156 Mass. 84; Ahern v. Steele, 115 N. Y. 203; Gardner v. Rhodes, 114 Ga. 929; Fleischner

v. Citizens, 25 Ore. 119; De Graffenried v. Wallace, 2 Ind. T. 657; Perez v. Rabaud, 76 Tex. 191; Texas v. Flemming, 92 Tex. 458.

The tenant was the occupier of the premises. The construction of the platform was his affirmative act and the responsibility for plaintiff's injury rested upon the tenant. Bard v. New York, 10 Daly, 520; Keely v. O'Conner, 106 Pa. St. 321; Edwards v. New York, 98 N. Y. 245; Miller v. Woodhead, 104 N. Y. 471; Deutsch v. Aberles, 15 Mo. App. 398; Allen v. Smith, 76 Me. 335; Lee v. McLaughlin, 86 Me. 410; Szathmary v. Adams, 166 Mass. 145; Deller v. Hofferberth, 127 Ind. 414.

Where the landlord has no knowledge of the defect he is not bound to tear the structure down or to take it apart in order to exempt himself from liability. Whitely v. McLaughlin, 183 Mo. 160; Wolf v. Kilpatrick, 101 N. Y. 146.

*Shepherd & Catherwood* and *Lovely & Dunn,* for respondents, cited: 1 Thompson, Neg. (2d Ed.) §§ 1148, 1158; 18 Am. & Eng. Enc. (2d Ed.) 239, 244; Riley v. Simpson, 83 Cal. 217; Powers v. Harlow, 53 Mich. 507; Case v. Minot, 158 Mass. 577; O'Dwyer v. O'Brien, 13 App. Div. 570; Northern v. Palmer, 70 Ill. App. 93; Curtis v. Kiley, 153 Mass. 123; Wertheimer v. Saunders, 95 Wis. 573; Peerless v. Bagley, 126 Mich. 225.

LEWIS, J.

Appellant, Gustav Schleuder, was the owner of a two-story, and basement, building at the city of Austin. One of the store rooms on the ground floor was occupied by Mr. Schwan, and the two back rooms, with certain others, on the second floor were rented to defendant Forest Schleuder, with authority to rebuild a porch and stairway at the rear at his own expense, and he made improvements on the premises, including a new porch, to the extent of about $900. Mr. Schwan had the use of the basement which he could enter through an inside trap door, and also by an outside door at the rear under the porch. The respondent, an employee of Schwan, had occasion to go into the basement after material and as he was ascending the outside stairway that portion of the porch over the stairway fell and some wood, or timbers, struck and knocked him backwards, causing the in--

juries on which this action is based. The trial resulted in a verdict for respondent.

The court instructed the jury that Mr. Schwan was in possession of the lower story, south portion, and basement, of appellant's building for a boot and shoe store, under a continuing lease; that under a verbal lease appellant rented to his son, the defendant Forest Schleuder, the upper story, with authority to build a new platform and stairway, to take the place of the existing porch and stairway in connection with a rear entrance to the second story, and to make it of such dimensions, form, and shape as he wished, but entirely at his own expense, and agreed that Forest Schleuder after such rebuilding should have the exclusive use thereof; that respondent, as the employee of Schwan, appellant's tenant, had a right, in the performance of his duties, to use the outside stairway at the rear of the building leading to the basement, and that he was rightfully there; that the obligation rested upon the landlord to use ordinary care to see that the passageway to the basement was reasonably safe, so far as the acts of himself or his upper tenants were concerned in constructing the new porch; that defendant Forest Schleuder had the right to the exclusive use of the porch, but, except as to such porch and stairway, the rest of the space below and in the rear of the lot upon which these buildings were situated was rightfully used by all the other tenants of appellant; that appellant had the right to authorize Forest Schleuder to construct the porch and stairway of such dimensions and on such plans as would suit his convenience, and, so far as such construction affected the rights of the other tenants, including Schwan and his employee, appellant adopted the porch and stairway, so rebuilt, as his own to the same extent as though he had built it himself, and that if the same were defectively and negligently constructed, and by reason thereof, injury was caused, then appellant was liable therefor.

The court submitted to the jury for their determination whether or not the porch and stairway were properly constructed, and in that connection stated the rule to be that if the same were constructed upon an adequate and sufficient plan, safe for the ordinary purposes for which it was intended, fastened, and secured in the ordinary manner, and upon plans which would be considered ordinarily safe, then no liability would attach to appellant. The court also submitted to the

jury a special question: "Did the platform fall solely in consequence: of being overloaded?" to which the jury answered, "No," and returned a verdict of $2,000 against both appellant and defendant.

Error is assigned for refusing to direct a verdict in favor of appellant Gustav Schleuder, upon the ground that he was not liable for any negligent acts on the part of his tenant Forest Schleuder, and appellant insists that he was not under a covenant to keep the premises in repair; that there was no consent or participation by him in the creation of the defect alleged to have caused the injuries; and that it conclusively appears from the evidence that he did not retain any control whatever over that portion of the premises to be rebuilt, had no knowledge of the character of the improvement, did not know that it was defectively constructed, and had no knowledge of the manner in which it was used.

In our judgment, the case was submitted to the jury upon correct principles of law, and no substantial error was committed.

The doctrine invoked by appellant with respect to the obligation between landlord and tenant has no application to the facts in this case. It is true there is no implied agreement on the part of a landlord to repair, in absence of covenants to the contrary, and it has been held that this rule applies to a common roof over distinct tenants occupying the premises below. Krueger v. Ferrant, 29 Minn. 385, 13 N. W. 158, 43 Am. 223. The owner is not liable to one tenant for the misuse of premises by another tenant, unless such misuse constitutes a nuisance, and in this case the owner was not responsible if the porch fell by reason of the fact that it was overloaded with coal and wood by the tenant. It does not follow, however, that he is not responsible, even if the porch was improperly used for storing material, provided it was originally built upon a faulty plan and was constructed in an improper and unsafe manner and fell by reason of such defect. Had the original porch and stairway been permitted to remain unchanged, and had fallen because of gradual decay, then the owner would not be responsible, under the doctrine of Krueger v. Ferrant, supra. But here the liability is based upon the theory that the owner caused an absolutely new construction. If the owner, for purposes of his own, makes improvements or repairs upon his premises, he is responsible to his tenants for the exercise of ordinary care in so doing, and, in constituting the code-

fendant in this case the agent to carry out such purpose, his obligation to the tenant below was not changed, nor was the owner released by the fact that Forest Schleuder employed a third party to do the work.

In Gill v. Middleton, 105 Mass. 477, 7 Am. 548, it was held that a landlord is liable to his tenant for injuries resulting from a failure to exercise ordinary skill in making repairs upon premises even though the same were gratuitous and by the tenant's solicitation. To the same effect: Callahan v. Loughran, 102 Cal. 476, 36 Pac. 835; Gregor v. Cady, 82 Me. 131, 19 Atl. 108, 77 Am. St. 466. In Wertheimer v. Saunders, 95 Wis. 573, 70 N. W. 824, 37 L. R. A. 146, it was held that the landlord who, though not required by the lease to make repairs, undertakes to put a new roof upon the leased building at the request of his tenant, was bound to use reasonable care and skill to prevent injury by the elements to the property of his tenant therein while engaged in removing the old and putting on the new roof, notwithstanding his undertaking was without consideration. In that case the rule was applied that one upon whom the law devolves a duty cannot shift it over upon another so as to exonerate himself from the consequences of its nonperformance. See Wilber v. Follansbee, 97 Wis. 577, 72 N. W. 741, 73 N. W. 559.

That the porch was constructed in a faulty manner and according to a defective plan is amply sustained by the evidence. The joists upon which the floor rested were not mortised in, nor placed upon sills or crosspieces, but were held in place by spikes driven through from the opposite side of the crosspieces into the ends, so that, according to the evidence, when the nails were somewhat rusted they failed to sustain the weight of ordinary use. The special finding as to the effect of the fuel on the porch eliminates the question of improper use, and the evidence is sufficient to sustain the verdict.

The charge to the jury was quite long, and in the main correctly stated the propositions of law to be passed upon. In one place, however, the court used the following language:

> And, so far as the reasonable safety of that stairway was concerned, the obligation rested upon the defendant Gustav Schleuder to use ordinary care to see that that passageway was reason-

ably safe so far as the acts of himself or his upper tenants were concerned.

This is assigned as error, upon the ground that it carried the suggestion that the owner owed a continuing duty to Schwan and his employee to see that the porch was used in a reasonably safe manner, but, when taken in connection with the specific and definite statement of the law and facts throughout the charge, could not have been misleading. The principle was stated over and over again that appellant Gustav Schleuder was liable upon the theory that in reconstructing the platform the duty rested upon him to use ordinary care and see that it was constructed in a reasonably safe way, and, by submitting to the jury an independent question as to whether the accident was caused by a misuse of the porch, the jury undoubtedly obtained a clear view of the theories of the case.

Order affirmed.