SLACK, Respondent, vs. JOYCE, Appellant.

*May 24—June 13, 1916.*

*Negligence: Injuries: Collision between automobile and bicycle: Contributory negligence: Evidence: Habitual carefulness of chauffeur: Damages: Resulting illness: Excessive damages.*

1. In an action for injuries sustained in a collision between plaintiff's bicycle and defendant's automobile, findings by the jury that defendant was negligent and plaintiff free from contributory negligence are *held* to be sustained by the evidence.

2. Evidence offered by defendant to show that her chauffeur was an unusually careful, painstaking driver with regard to persons or vehicles on the street was properly excluded as incompetent.

3. It appearing that four or five weeks after the accident plaintiff contracted typhoid fever, and that food, water, and air are the only media by which typhoid can be communicated, testimony of the attending physician that in his opinion there was a connection between plaintiff's sickness and the accident and that he considered this all the time, but not explaining what he meant by "connection" between them, was insufficient to warrant the

jury in finding that the disease was caused by or had any connection with the injury. To form a basis for damages in such a case, the connection must rest upon proof and cannot be left to surmise or conjecture.

4. It appearing that plaintiff's injuries, aside from the disease not shown to have been caused by the accident, consisted of slight cuts and bruises which healed very quickly and a pain in the side which had disappeared in three months, an award of $725 is *held* excessive and he is given an option to take judgment for $400 or a new trial.

APPEAL from a judgment of the circuit court for Ashland county: G. N. RISJORD, Circuit Judge. *Reversed.*

This action was brought to recover damages for personal injuries sustained by plaintiff while riding a bicycle, the injuries resulting from a collision between plaintiff's bicycle and defendant's automobile, alleged to have been due to defendant's negligence. The jury returned the following verdict:

"(1) At what point did the collision between the plaintiff's bicycle and the defendant's automobile occur? *A.* About twelve feet south of the telephone pole.

"(2) Was the driver of defendant's automobile in the exercise of ordinary care in driving and managing it at the time of the collision between the automobile and plaintiff's bicycle? *A.* No.

"(3) If your answer to the foregoing question is 'No,' then was such want of ordinary care the proximate cause of plaintiff's injury? *A.* Yes.

"(4) Was plaintiff guilty of any want of ordinary care which contributed proximately to his injury? *A.* No.

"(5) At what sum do you assess plaintiff's damages? *A.* $725."

Judgment was rendered on the verdict in favor of plaintiff, from which this appeal was taken.

*William F. Shea,* for the appellant.

For the respondent there was a brief by *John Garvin,* attorney, and *Lamoreux & Cate,* of counsel, and oral argument by *C. A. Lamoreux.*

KERWIN, J.   The appellant insists that the judgment should be reversed for the following reasons: (1) because the undisputed evidence acquits defendant of negligence; (2) because plaintiff was guilty of contributory negligence; (3) because the court erred in excluding evidence offered by defendant; (4) because the court misdirected the jury; (5) because the damages are excessive.

1. On the question of whether the evidence was sufficient to show negligence on the part of the defendant and contributory negligence on the part of the plaintiff we are of opinion that the verdict must stand.   The accident occurred on the 18th day of September, 1914, in the city of Ashland, and the main dispute appears to be whether the automobile ran into the bicycle or the bicycle ran into the automobile.   An examination of the record shows that there was a sharp conflict between the evidence on the part of the plaintiff and that on the part of the defendant.   The jury found that the defendant was negligent and that the plaintiff was free from contributory negligence.   The court below sustained these findings, and under the well established rule of this court we do not feel warranted in disturbing them.

2. Counsel for defendant assign error in the exclusion of evidence.   Defendant offered to show that her chauffeur was an unusually careful, painstaking driver with regard to persons or vehicles in the street.   This evidence was ruled out as incompetent and the ruling is complained of.   We think there was no error in the ruling.   *Koenig v. Sproesser,* 161 Wis. 8, 152 N. W. 473; Jones, Ev. §§ 148 (147), 163 (161).

3. It is further insisted that the judgment should be reversed on account of error in misdirecting the jury.   It is claimed that the charge to the jury on the question of damages was erroneous in two respects: one with regard to the disease plaintiff contracted after being injured, and the second as regards his earnings.   It appears from the evidence that some four or five weeks after the accident the plaintiff contracted ty-

phoid fever, and it further appears that food, water, and air are the only media by which typhoid can be communicated. The only evidence upon this subject is the testimony of Dr. Hosmer as follows: "Typhoid is usually caused by drinking polluted water. It might be caused by food—any food with a typhoid germ. In my opinion there was a connection between plaintiff's sickness and the accident. I don't know when I discovered it. I considered it all the time." Upon this evidence the court charged the jury that:

"There was some evidence received in the case of temperature and pain suffered by the plaintiff coming on some weeks after he left the hospital, and whether that illness was caused by the accident or not is a question for you to determine in assessing damages. You cannot assess damages for that illness unless you are reasonably certain from the evidence that such illness resulted directly from the injury he received."

This instruction referred to the typhoid fever contracted by plaintiff after leaving the hospital. The question under this instruction is whether there was sufficient evidence to warrant the jury in finding that the disease contracted several weeks after the injury was caused by such injury. We think the evidence insufficient to warrant the jury in finding that the disease was caused by or had any connection with the injury. It appears from the evidence that typhoid fever is neither the natural nor probable result of physical injury such as plaintiff sustained, and the only evidence in the case is that referred to of Dr. Hosmer to the effect that there was a connection between plaintiff's sickness and the accident; that he considered this all of the time; but he does not say that the injury caused the disease, and he does not explain what he means by connection between the illness and the injury. The connection between the disease and the injuries, in order to form a basis for damages, cannot be left to surmise or conjecture but must rest upon proof. *Kinziger v. C. & N. W. R. Co.* 156 Wis. 497, 146 N. W. 518; *Gray v. C. & N. W. R. Co.* 153 Wis. 637, 142 N. W. 505; *Wilber v. Fol-*

*lansbee,* 97 Wis. 577, 72 N. W. 741, 73 N. W. 559; *Hirte v. Eastern Wis. R. & L. Co.* 127 Wis. 230, 106 N. W. 1068; *Schmidt v. Pfeil,* 24 Wis. 452. Aside from the disease contracted some weeks after the accident the injuries were slight and consisted of some cuts and bruises which healed in a very short time, and under the evidence the pain in the side seemed to have disappeared in December, 1914.

In view of the fact that the evidence was not sufficient to warrant the jury in finding that the disease contracted by plaintiff was caused by the injury the damages are excessive. That portion of the charge referred to was erroneous. We have therefore concluded to give plaintiff the option to take judgment for $400 damages, and in case of his failure to so elect a new trial is ordered.

*By the Court.*—The judgment of the court below is reversed, and a new trial granted, unless the plaintiff, within twenty days from notice of filing of the *remittitur,* shall file his consent in writing with the clerk of the court to modify the judgment by inserting his damages at $400 in lieu of $725, in which event the judgment is so modified as of the date of entry. The appellant is entitled to costs in this court.