MUELLER, Respondent, vs. DERWAE, Appellant.

*October 18, 1921—January 10, 1922.*

*Landlord and tenant: Tenancy for fixed term: Notice to quit unnecessary: Erroneous judgment: Res judicata.*

1. Where an unlawful detainer proceeding involving the question of whether a tenancy was from month to month or for the period of a year was settled by an agreement that the tenant

should remain in possession until a specified date, the land-
lord was not required to give the tenant notice to quit on such
date under sub. (3), sec. 3358, Stats., in order to maintain
another action of unlawful detainer, since the tenancy ter-
minated on such date by express agreement under sub. (1)
of that section.

2. A judgment in favor of the tenant in unlawful detainer pro-
ceedings, even though erroneous, where it is not appealed
from, is res judicata in a subsequent action involving the same
issue.

APPEAL from a judgment of the circuit court for Brown
county: HENRY GRAASS, Circuit Judge. Reversed.

For some time prior to September 16, 1919, the defendant
was a tenant in possession of a house belonging to the plaint-
iff. About that time some arrangement was made whereby
defendant relinquished possession of the second floor to
plaintiff, who thereafter occupied the same, defendant re-
maining in possession of the first floor. From that time on
defendant paid at the rate of $12 per month and generally
on the 6th day of each month for the period just past.

In May, 1920, the plaintiff commenced an action of un-
lawful detainer against defendant, but before trial an agree-
ment was reached between the parties and the case dismissed
without testimony having been taken, and a written stipu-
lation signed by both. The material parts are as follows:

"For the purpose of settling the case brought by *Ida
Mueller* and *Victor Derwae* in justice court before Thomas
E. Hawley May 12, 1920, it is hereby agreed between the
parties:

"1. That *Victor Derwae* shall remain in possession of the
premises leased according to his agreement until August
25, 1920.

"2. That at that time he shall replace the moulding in
the parlor if *Miss Ida Mueller* desires."

There were four other conditions, not material here, as
to work to be done by defendant upon the premises.

About August 10, 1920, plaintiff caused to be delivered
to defendant a written notice to the effect that his lease

would expire August 25, 1920, and that plaintiff expected him to vacate said premises in accordance with the agreement and lease.

The defendant did not vacate on August 25, 1920, and September 2d the plaintiff again commenced an action of unlawful detainer by a complaint verified August 30th. The complaint recited, in substance, the renting of the premises by plaintiff to defendant at $12 per month; the serving on April 13, 1920, of a month's notice to quit; the starting of an unlawful detainer action then against the defendant, wherein the defendant interposed an answer claiming that he was occupying the said premises under a verbal lease for one year terminating August 25, 1920; that the parties in such action made the stipulation above recited; that on or about July 25, 1920 (this, however, in fact was the one of August 10th above recited), the plaintiff served on the defendant a written notice demanding possession of the premises August 25, 1920. Plaintiff also alleged the continued occupation of said premises by defendant and his refusal to deliver them up and that he was holding over without plaintiff's permission, and prayed for the issuing of a summons and that proceedings be had whereby the defendant be removed.

To such complaint the defendant pleaded not guilty and denied each and every allegation of the complaint. The justice of the peace heard the cause on September 8th and then rendered his judgment finding the defendant not guilty and assessing costs against the plaintiff, who thereafter paid the same and took no further steps in said action.

On September 7th the plaintiff accepted from the defendant the sum of $12 which would be a payment for the period up to that date. This fact appeared in the trial on the 8th.

On October 1, 1920, the plaintiff commenced another action of unlawful detainer in the municipal court of Brown county as before a justice of the peace. This complaint al-

leges, as before, the renting of the premises; that the defendant prior to May 1, 1920, was in possession as plaintiff's tenant; that a dispute arose with reference to their respective rights and terms resulting in an action at law; that such matter was settled by a written agreement of May 19th whereby said defendant agreed to vacate and surrender the premises on August 25th and that plaintiff agreed to allow him to remain in such possession until such time; the serving of the notice of August 10th, *supra;* that the plaintiff has repeatedly demanded of defendant that he vacate and surrender such premises; that she never consented that he hold the same beyond August 25th; that up to and including October 1, 1920, and in spite of requests and demands, defendant refused and neglects to vacate or surrender possession and now holds the same without permission and without right, and prays that defendant be removed and that a summons be issued pursuant to ch. 145, Stats.

Defendant answered admitting the possession of the premises prior to May 1, 1920, as plaintiff's tenant; denied the other allegations of the complaint, and further alleged the unlawful detainer proceedings commenced September 2d, the trial thereof, the entry of judgment of September 8th and in defendant's favor, and that all the issues presented in the case at bar were judicially passed upon and determined in said other action and that no appeal had been taken from the judgment therein, and for that reason the complaint should be dismissed.

Testimony was taken before the municipal court, the record in the unlawful detainer action commenced September 2d was received in evidence, and the justice of the peace before whom the same was tried testified that there was tried in that action the question whether or not the defendant held under a verbal lease and as to whether or not he was a tenant from year to year or from month to month, and that he decided and determined whether or not notice

had been given to vacate the tenancy; that a notice was necessary to terminate the tenancy; and upon the meaning of the stipulation of May 17th, *supra*. That the decision made in the case before him was one finding the defendant not guilty of unlawfully withholding the property, that such was entered in the docket, costs were taxed, and the complaint dismissed.

The municipal court held that the defendant was guilty as alleged in the complaint, and from the judgment thereon the defendant appealed to the circuit court.

The circuit court found that defendant's rights to the premises expired August 25, 1920, that there was an unlawful withholding of possession by defendant at the time of the commencement of this action October 1, 1920, and that on such day the plaintiff was entitled to the possession thereof and was not barred or estopped in any manner from maintaining the action, and directed judgment of restitution with costs in favor of plaintiff. From such judgment the defendant has appealed.

For the appellant there was a brief by *Fairchild, North, Parker & Bie* of Green Bay, and oral argument by *Walter T. Bie.*

*Sol. P. Huntington* of Green Bay, for the respondent.

The following opinion was filed November 15, 1921:

ESCHWEILER, J.   In the unlawful detainer proceedings of May, 1920, plaintiff claimed defendant was a tenant from month to month, defendant that he was a tenant under a one-year term expiring August 25, 1920. The dispute between them on that point was not then settled, but the case was dismissed with a written stipulation providing, as quoted above, that defendant shall remain in possession of the leased premises according to his agreement until August 25, 1920.

Whether his prior possession was as a tenant from month to month or for a one-year term is just now immaterial, because under the law his tenancy, whatever it was, termi-

nated by express agreement on August 25th, and no prior notice was necessary to effectually terminate it at that time, nor after that date was notice required in order that plaintiff maintain an action for unlawful detainer. By his holding possession after the fixed expiration of his term by lapse of time he was within the provisions of sub. (1), sec. 3358, Stats., and one so situated need not be served with even the short three-days notice provided for in sub. (3) of the same statute. *Toal v. Clapp,* 64 Wis. 223, 24 N. W. 876; *Eldred v. Sherman,* 81 Wis. 182, 188, 51 N. W. 441; *Smith v. Littlefield,* 51 N. Y. 539.

Under the law and the facts, therefore, the proper judgment to have been entered on September 8th by the justice of the peace should have been one finding the defendant guilty of unlawfully withholding possession and directing restitution forthwith. The justice, however, erroneously held otherwise and rendered a judgment for defendant. Necessarily such judgment determined that the relationship between the parties subsequent to August 25th was of such a nature that the defendant was considered to be in lawful possession of the premises at least until the date of such judgment.

A prompt appeal from such erroneous judgment would undoubtedly have resulted in a reversal thereof and the entry of a proper one. The plaintiff, however, took no appeal therefrom and paid the costs assessed against her by such judgment.

Then, on September 30th, this action is commenced and identically the same grounds for relief are set forth here in the complaint as were set forth in the action so disposed of on September 8th; the parties are the same; the alleged relationship between them prior to May, 1920, and from then on to August 25th, is the same; the dismissal of the action and stipulation therein of May, 1920, are also set forth; the only difference in the recitals of the two complaints is of the mere lapse of time. No fact is here recited or relied upon tending to show that there was any change in

the relationship between the two, so far as the possession of the premises is concerned, between August 25th, September 2d, September 8th, and the commencement of this action on September 30th.

In such situation the defendant interposed the plea of *res judicata,* basing it upon the prior judgment of September 8th, and such plea should have been sustained.

In the action decided on September 8th plaintiff was required to prove, in order to be entitled to judgment, that there was an unlawful holding of the premises by defendant after August 25th, his prior possession being unquestionably lawful. But under the undisputed facts in that case and in this, the relationship between the parties as to the possession was in substance and effect the same on the 28th of August, 2d, 8th, and 30th of September, and all intervening times; that is, if defendant as a matter of law was in lawful possession of the premises on September 2d and 8th, he was equally so on September 30th, and *vice versa.*

The court, having jurisdiction of the parties and subject matter, mistakenly decided on September 8th that defendant was in lawful possession for a period subsequent to August 25th. This judgment, though erroneous, being allowed to remain, settled and determined the question of the relationship between the parties from and after August 25th, and necessarily, until, by operation of law or by act of one or the other of the parties, some change in such relationship arose.

The conclusiveness of such a judgment is not impaired because based upon a mistaken view of the law that should control the situation. *Baker v. Baker,* 57 Wis. 382, 391, 15 N. W. 425; *Hart v. Moulton,* 104 Wis. 349, 353, 80 N. W. 599; *Marin v. Augedahl,* 247 U. S. 142, 149, 38 Sup. Ct. 452; *Fauntleroy v. Lum,* 210 U. S. 230, 237, 28 Sup. Ct. 641.

All the requisite identities as to parties, cause, and questions to be determined that must exist in order to make the first judgment a bar in the second action are here present.

*Rowell v. Smith,* 123 Wis. 510, 516, 102 N. W. 1; *Grunert v. Spalding,* 104 Wis. 193, 80 N. W. 589; *Hart v. Moulton,* 104 Wis. 349, 353, 80 N. W. 599; *Rahr v. Wittmann,* 147 Wis. 195, 132 N. W. 1107; *Greenleaf v. Ludington,* 15 Wis. 558, 568; *Bates v. Bodie,* 245 U. S. 520, 526, 38 Sup. Ct. 182; *Northern Pac. R. Co. v. Slaght,* 205 U. S. 122, 130, 27 Sup. Ct. 442.

The fact that the day prior to the trial and entry of judgment on September 8th the defendant paid and the plaintiff received a sum equal to the agreed rental of $12 per month has no bearing in the present disposition of this case; first, because it covered a period which included the time from August 6th to August 25th while defendant was in conceded lawful possession as well as for the period from August 25th to September 6th, and was paid while plaintiff was still consistently, by the carrying on of the then pending action of unlawful detainer, maintaining a position contrary to any express or implied recognition of defendant's then possession being lawful under some new form of tenancy, such as at will or for a term of one year (*Palmer v. City L. Co.* 98 Wis. 33, 73 N. W. 559); and second, the fact of such payment was in the record before the justice of the peace when he disposed of the case on September 8th, and the effect thereof would necessarily be for determination before him in making his then decision.

The manifest want of equity or righteousness in the position taken by the defendant in so remaining in possession after August 25th cannot, however, prevent the application of the principle here followed, which is the basis of the long established doctrine of the conclusive effect to be given to judgments in order that there may be an end, within reason, of litigation.

*By the Court.*—Judgment reversed, and cause remanded with directions to dismiss the complaint.

A motion for a rehearing was denied, with $25 costs, on January 10, 1922.