DETROIT WEBSTER HALL CO. v. WEBSTER CORNER BAR, INC.

1. LANDLORD AND TENANT—SUMMARY PROCEEDINGS—RECOVERY OF RENT UNTIL POSSESSION OBTAINED.

Statutory provisions relative to summary proceedings before a circuit court commissioner contemplate recovery by a landlord of the rent due or to become due up to the time he shall have obtained possession of the premises (3 Comp. Laws 1929, §§ 14975, 14987).

2. SAME—PAYMENT OF RENT DURING PENDENCY OF SUMMARY PROCEEDINGS.

Where tenancy was on a month to month basis landlord was entitled to possession one month after giving notice of termination of the tenancy and since landlord is entitled to rent while possession is withheld, fact that landlord billed tenant for rent, electric and telephone charges for month while summary proceedings were in progress before circuit court commissioner, payment thereof before appeal to circuit court was determined, rather than after decision there, had no bearing upon the judgment of restitution (3 Comp. Laws 1929, §§ 13492, 14975, 14986, 14987).

Appeal from Wayne; Callender (Sherman D.), J. Submitted April 10, 1940. (Docket No. 79, Calendar No. 41,069.) Decided June 19, 1940. Rehearing denied September 6, 1940.

Summary proceedings before a circuit court commissioner by Detroit Webster Hall Company, a Michigan corporation, against Webster Corner Bar, Incorporated, a Michigan corporation, to obtain possession of premises. From judgment for plaintiff, defendant appealed to circuit court. Judgment affirmed. Defendant appeals. Affirmed.

*Herman A. August,* for plaintiff.

*Henry P. Onrich,* for defendant.

BUSHNELL, C. J. This is an appeal by defendant from a judgment for restitution of the premises entered by the circuit court on appeal from a like judgment entered by a circuit court commissioner.

Plaintiff served defendant with a notice on September 12, 1939, to terminate its tenancy and filed a complaint in writing with the circuit court commissioner on October 26th. On the return date of the summons, plaintiff took a default judgment. Defendant filed a claim of appeal to the circuit court on November 4th.

Defendant, whose written lease had expired several months previous to the notice, was holding under a month-to-month tenancy. While the circuit court appeal was pending and before its determination, plaintiff rendered a statement to defendant for the amount of the October rent, plus some electric and telephone charges, totaling $390.70, which was paid by defendant prior to the trial in the circuit court.

The court held that the acceptance by plaintiff of the October rent did not constitute a waiver of its demand for possession and had no effect upon the judgment appealed from. Appellant claims that the

acceptance of the rent was an express waiver and operates as a withdrawal of plaintiff's notice, continues the tenancy, and bars judgment for possession in the absence of a new notice. Appellee contends that the payment by defendant of accrued rental after the judgment of restitution entered by the circuit court commissioner has no effect upon the enforceability of that judgment.

The statute, 3 Comp. Laws 1929, § 14975 (Stat. Ann. § 27.1986), provides that:

"The person entitled to any premises may recover possession thereof in the manner hereinafter provided, in the following cases:    *    *    *

"4. When any tenant at will or by sufferance shall hold over, after the determination of his estate, by a notice to quit, as provided by law."

Subsequent sections provide for summary proceedings before a circuit court commissioner, among which are the requirement that, upon appeal to the circuit court, the appeal bond of the defendant "shall be in a penalty to be fixed by the officer taking the same, not less than double the amount of the annual rental value of the premises in dispute." 3 Comp. Laws 1929, § 14987 (Stat. Ann. § 27.1998). These sections contemplate a recovery by plaintiff of the rent due or to become due up to the time plaintiff shall have obtained possession thereof. A preceding section (3 Comp. Laws 1929, § 14986 [Stat. Ann. § 27.1997]) permits a recovery of double damages from the time of the notice to quit or demand for possession.

The action in the instant case by plaintiff was for the purpose of recovering possession of the premises on which it had terminated the tenancy. It was entitled to possession one month after giving notice of termination of the tenancy. (3 Comp. Laws 1929,

§ 13492, as amended by Act No. 145, Pub. Acts 1935 [Comp. Laws Supp. 1940, § 13492, Stat. Ann. § 26.-1104]). Plaintiff was also entitled to recover the rent which it collected; and the fact that it was paid before the appeal was determined rather than after decision in the circuit court has no bearing upon the judgment of restitution. *Palmer* v. *City Livery Co.,* 98 Wis. 33 (73 N. W. 559), and see *Hanaw* v. *Bailey,* 83 Mich. 24 (9 L. R. A. 801).

The judgment is affirmed, with costs to appellee.

Sharpe, Potter, Chandler, North, McAllister, Wiest, and Butzel, JJ., concurred.