HERMAN and another, Appellants, v. KENNARD BUICK COMPANY, Respondent.

*November 3—December 2, 1958.*

482

For the appellants there was a brief by *Edwards & Hafner* of La Crosse, for Albert DiPiazza, and by *Hubert J. Schleiter* of La Crosse, for Fred Herman, and oral argument by *Mr. Roger W. Hafner* and *Mr. Schleiter*.

For the respondent there was a brief and oral argument by *R. E. Nietsch* of La Crosse.

HALLOWS, J. The only issue is whether the plaintiffs state a cause of action. The plaintiffs argue the nature of the suit is for relief against a forfeiture for the nonpayment of rent. The respondent argues that no equitable grounds are alleged to permit a court of equity in its sound discretion to enjoin the enforcement of the unlawful-detainer judgment because DiPiazza had an adequate remedy at law in the unlawful-detainer action and has failed to appeal from that judgment and because Herman is not entitled to possession

and has transferred all his rights to the building and to the land to DiPiazza.

Early in the history of this court the rule was laid down that chancery will relieve against a judgment at law on the grounds of its being contrary to equity when the defendant in the judgment was ignorant of the facts in question pending a suit, or such facts could not have been received as a defense in the lawsuit, or he was prevented from asserting the defense by fraud, accident, or the acts of the plaintiff unmixed with any negligence or fault on the part of the defendant. *Stowell v. Eldred* (1870), 26 Wis. 504. See *Nye v. Sochor* (1896), 92 Wis. 40, 65 N. W. 854, where the rule is stated in different language, and *Boring v. Ott* (1909), 138 Wis. 260, 119 N. W. 865, for a review of the cases where equity will restrain the enforcement of a judgment obtained solely by fraud and perjury.

Under the facts alleged DiPiazza had his day in court in the unlawful-detainer action. Judgment went against him and he took no appeal but instead started this suit with the plaintiff Herman. The judgment in the unlawful-detainer action, even if erroneous, is *res judicata*. *Mueller v. Derwae* (1922), 175 Wis. 580, 185 N. W. 202. The record of the unlawful-detainer action is not before us but it must be presumed that ch. 291, Stats., was followed.

Under sec. 291.01 (2), Stats., before such an action can be brought to recover possession for default in the payment of rent a notice in writing of at least three days is required to be served on the defendant. This notice must provide in the alternative that the tenant pay the rent due or surrender possession of the premises within the time stated in the notice. The notice required by this section is in addition to the defendant's thirty days' notice terminating the sublease on the grounds of failure to pay the rent because the lessee was given no alternative but to surrender possession. At

this point DiPiazza could have paid the rent and avoided the termination of the lease.

The legislature has also provided a grace period when an unlawful-detainer action is used to recover possession from one holding over after default in the payment of rent. Under sec. 291.15, Stats., when the unlawful-detainer action was brought against DiPiazza in the justice court and the judgment was rendered in favor of the plaintiff, DiPiazza could have stayed all proceeding on such judgment by paying the rent due at the date of the judgment and the costs of the action or by filing with the justice his undertaking to the plaintiff to the effect that he would pay such rent and costs within ten days. If the plaintiff DiPiazza had made use of his opportunity under this section the termination of the lease would have been waived and the default in rent cured.

A court of equity ought not to relieve from a forfeiture for the nonpayment of rent where a statute provides a period of time within which possession may be redeemed or retained by the payment of rent and no equitable grounds are shown why such payment was not made. The legislature has determined such grace period as a matter of public policy and equity should not enlarge it. For a discussion of this problem see 1950 Wisconsin Law Review, 741, and annotation in 31 A. L. R. (2d) 315, 325.

The operation of ch. 291, Stats., is not unlike the situation where a forfeiture is provided by statute and a specific time is provided during which a tenant may obtain relief or relieve himself of the forfeiture. After such time has run the tenant may not obtain equitable relief. *Rainey v. Quigley* (1947), 180 Or. 554, 178 Pac. (2d) 148; *Ralph v. Lomer* (1891), 3 Wash. 401, 28 Pac. 760; *New Mexico Motor Corp. v. Bliss* (1921), 27 N. M. 304, 201 Pac. 105. The plaintiff DiPiazza having had an adequate remedy at law to retain possession of the property and having failed to pursue

his legal remedy cannot now claim equitable relief from such failure.

The lessor's habitual acceptance of late tender of the rent and the reliance thereon by the plaintiff, and the lessor's failure to notify the lessee of his intention to enforce strict compliance, are not sufficient grounds for equitable relief where no tender of rent was made within the notice period or within the time allowed under sec. 291.15, Stats. No excusable mistake on the part of the plaintiff or other grounds for relief are pleaded.

In respect to Herman, his ground for relief is the loss of the building which he sold to DiPiazza. In the sale agreement he did not reserve any right of repossession in the event of default in the payment of the purchase price or breach of the conditions of the agreement. If DiPiazza does not pay the debts and obligations of Herman which he agreed to pay, Herman has a cause of action against DiPiazza. There is no allegation that DiPiazza is insolvent and in view of the other facts we do not believe that such an allegation could save the complaint as to Herman. Herman's cause of action against DiPiazza is an adequate remedy at law so far as the allegations of the complaint are concerned.

There is a further defect in the complaint. Nowhere is it alleged that either plaintiff has tendered the rent for the premises and that the defendant has refused to accept it. The case of *Humphrey v. Humphrey* (1950), 254 Ala. 395, 48 So. (2d) 424, relied on by the plaintiff is distinguishable. The lease therein provided for an immediate forfeiture on nonpayment. The plaintiff tendered the rent three days late, which was refused by the landlord, and suit to avoid forfeiture of the lease was brought prior to any commencement of an unlawful-detainer action. The application of a statute such as ch. 291, Stats., was not involved.

Herman seems to have little or no interest in the property. He sold the building to DiPiazza. He has no liability on his lease with the defendant since the lease has been terminated and agreed the defendant could terminate DiPiazza's sublease if the rent was not paid. Herman still has his rights against DiPiazza for the purchase price of the building.

We conclude, therefore, that the trial court was correct in sustaining the demurrer on the grounds that the complaint does not state a cause of action.

*By the Court.*—Order affirmed.

BROWN, J., took no part.