TEXAS & PACIFIC RAILWAY COMPANY v. J. H. WOODS.

No. 490.

1. **Railway Company—Stopping Train at Station—Charge of the Court.—** In an action against a railway company for personal injuries, where it was alleged that a train carried a passenger by his destination, and that when it finally stopped he was injured by jumping from the train, the court charged, that if the train was stopped at such destination for a reasonable length of time, and that if when the passenger did get off he did so voluntarily, or upon the invitation of a person not a servant of the company, then he could not recover, "provided an ordinarily prudent person would not have done as the passenger did under the circumstances." *Held,* that such qualifying clause was erroneous and misleading.

2. **Same—Liability of Carrier.—**If a carrier negligently fails to afford a passenger reasonable opportunities and facilities to alight from the train at his destination, and carries him by, it is liable for such injury as the passenger may sustain as the proximate result of such negligence.

3. **Proximate Cause Defined.—**An act is the proximate cause of an injury when the injury is the natural and probable consequence of the negligence or wrongful act, and which in the light of attending circumstances should have been foreseen.

4. **Same—Fact Case—Illustration.**—When a passenger is carried beyond his destination by a railway company, and alights from the train, and receives injuries which result from the manner and not the place of such alighting, the negligence of the company in carrying beyond his destination is not the proximate cause of such injury.

APPEAL from Wood. Tried below before Hon. FELIX J. McCORD.

*Cate & Teagarden,* for appellant.—1. If plaintiff's wife got off the train at the time and place in question of her own free will, or at the invitation of some one who was not an agent or servant of defendant, plaintiff would not be entitled to recover, and it was error to qualify the charge by the addition of the sentence, "if an ordinarily prudent person would not have done so under similar circumstances;" thereby instructing the jury that even though the causal connection between the original wrong—if such was found—and the injury was broken by an intervening independent human agency, sufficient of itself to stand as the proximate cause of the injury, defendant would still be liable for subsequent injuries to plaintiff's wife, provided she acted with ordinary care. Seale v. Railway, 65 Texas, 275; Maulton v. Sanford, 51 Me., 134; Cuff v. Railway, 35 N. J., 32; Lowery v. Tel. Co., 60 N. Y., 198; Hoag v. Railway, 4 Norris (Pa.), 293; Railway v. Hope, 30 Smith (Pa.), 373; Whart. on Neg., secs. 134–144.

2. If the jury believed from the evidence that the train upon which Mrs. Woods was riding was not stopped at Mesquite a reasonable length of time for her to alight, and that after she had been carried by Mesquite, she manifested a desire to be put off, and that a passenger on said train, having no control over its movements, acting as an independent human agent, went into another car, called upon the conductor to stop the train, and then returned to Mrs. Woods and induced her to leave the car and jump from the steps in such a way as to injure her, without any act on the conductor's part immediately or proximately causing such act, independent of said failure to stop said train at the station, which was a fact for the jury to settle, then plaintiff could not recover for any damages resulting from the act of Mrs. Woods in jumping from the steps of said car. Authorities same as above.

*Giles & Stafford* and *B. B. Hart,* for appellee.—1. The plaintiff is entitled to recover damages that are the natural and probable results of the wrong done by defendant company. Railway v. Terry, 62 Texas, 382; 1 Suth. on Dam., pp. 78, 102, and 103; Field on Dam., 343.

2. Under the evidence and the pleadings in the case it was the duty of the court to submit to the jury the following charge: "If you believe from the evidence that defendant company carried plaintiff's wife beyond Mesquite, her point of destination, and she was put off the train by defendant's agents at a place other than a usual stopping

place, and she was injured thereby, the company would be liable." Rev. Stats., arts. 4226, 4227.

FINLEY, ASSOCIATE JUSTICE.—This suit was instituted in the District Court of Wood County, on November 10, 1890, by the plaintiff, John H. Woods, to recover from the defendant the sum of $2000 as damages alleged to have been sustained by his wife, alleging for cause of action, in substance, as follows: That on May 22, 1890, plaintiff's wife purchased a ticket at Mineola and took passage on defendant's regular west-bound passenger train of same date to go to Mesquite station, in Dallas County, on defendant's said line of railway; that she had her child of about 13 months of age with her; that when the conductor of said train took up her ticket he promised her that upon arrival at Mesquite he would assist her off the train; that as the train approached Mesquite the name of the station was announced by some of the employes of defendant in the car, and she thereupon prepared to leave the train, and got on her feet with the child and baggage—a valise; but before she could reach the platform of the car said train was leaving the station and gaining speed so rapidly that she could not get off; that said train did not more than come to a standstill, if it stopped at all, and not a sufficient time for her to alight with safety, notwithstanding she acted promptly; that as soon as plaintiff's wife saw that she could not get off at the station, she called to said employes of defendant to put her off at Mesquite, but they did not do so, but carried her by and beyond Mesquite about one-half mile and stopped the train, and one of said employes on said train took her valise and told her to hurry, and when she reached the platform of the car he told her to jump, and in the excitement she obeyed the order of said employe and jumped from the platform of said car to the ground, several feet, with her child in her arms; that just as she jumped from said car said employe ordered the train to start up, and the train moved on, leaving plaintiff's wife and child and her baggage in the open prairie, at about dark, with no protection whatever; that plaintiff, being at the station waiting for the arrival of his wife, and knowing that she had been carried by, went on and met her, and assisted her back to the station. That the jump made by plaintiff's wife from said car injured her in one of her hips, from which she has suffered great pain since said time; that she was in bad health, which could be seen by any one; was at the time and had been for some time suffering from internal complications, and was under treatment of physicians for the same; that said excitement and injury and worrying by child and valise caused her to grow worse, and from which she has suffered great pain since said date; that defendant's conductor did not offer to take her on to a place of safety, but left her, her child, and baggage, as aforesaid, on the prairie, away from any shelter and protection; that plaintiff's wife suffered great mental anguish and bodily pain. All of which was caused by the negligence of defendant's agents and employes in not stopping said

train at Mesquite a sufficient length of time for plaintiff's wife to alight with safety, and by putting her off away from a place of safety, and in causing her to jump from said train, etc., to her actual damage in the sum of $2000.

To this cause of action, defendant answered by its amended answer, filed December 8, 1891, setting up a general denial, and a plea of contributory negligence. The cause was tried before the court with a jury, on November 24, 1892, resulting in a verdict and judgment for plaintiff in the sum of $1500.

*Opinion.*—The facts, that Mrs. Woods was carried beyond her station; that the train stopped a quarter or half mile from the station for her to get off, and that she jumped from the platform to the ground, and was injured thereby, were uncontroverted on the trial. Whether the train was stopped at Mesquite, the place of her destination, a reasonably sufficient time for her to get off of the train, and the circumstances surrounding and causing her to jump from the train at the time she did, were controverted issues under the evidence. The court in substance charged the jury, that if the train was stopped a reasonably sufficient time at Mesquite for Mrs. Woods to get off, and that when she did get off the train, if she did so voluntarily, or upon the invitation of some person who was not a servant or agent of defendant company, then she would not be entitled to recover for any injuries received by her in consequence of jumping from the train; provided, an ordinarily prudent person would not have done so under the circumstances. The qualifying clause of the charge was erroneous and misleading. From it the jury were justified in believing, that notwithstanding the operatives of the train may have stopped the same at Mesquite and afforded Mrs. Woods all reasonable opportunity and facilities for disembarking at that point, yet if she staid upon the train, and through her fault was carried beyond her station, and when the train was stopped for her to get off—a quarter or half mile from the station—she voluntarily jumped from the platform of the car to the ground, or did so by the invitation of some person not connected with the operation of the train, that she had a right to recover of the railway company for injuries received as the result of such jumping, provided an ordinarily prudent person would have jumped off in the manner in which she did, regardless of any question of negligence on the part of the railway company. The jury might have believed that the railway company was not negligent in the matter of stopping the train at Mesquite for passengers to get off, and further, that the railway company was not negligent in its conduct towards Mrs. Woods after the train passed the station, and at the time and place where she got off; yet if they believed that an ordinarily prudent person would have gotten off at the time she did, and in the manner she did, under the charge of the court, they would have been justified in returning a verdict in her favor. In other words, notwithstanding they believed

that the company had discharged its full duty towards her, yet, if she was injured in getting off the train, without negligence on her part, the company was liable.

In Railway v. Perry, ante, p. 78, it was said: "If by his own fault and negligence the passenger is carried beyond his place of destination, and he attempts to get off the train while it is in motion, without being compelled to do so by the carrier, he assumes the risk of such act, and can not recover for consequent injuries. The contract of carriage having terminated and the person being on the train through his own fault, the company could become liable only through failure of its ·servants to exercise ordinary care against inflicting injury upon him. The advice of a porter or brakeman to such person, that it would not be dangerous to get off of a moving train, can not be considered as the discharge of a delegated duty, for no such obligation ·rested upon the carrier. Liability is imposed upon the carrier for only such acts of the servant or employe as are within the scope of his employment, and which, for that reason, are treated as the acts of the master." See above case for full discussion of obligations of. carrier to person remaining on the train through his own fault, after reaching his place of destination. Also Railway v. James, 82 Texas, 306; Conwill v. Railway, 85 Texas, 96.

Under other assignments of error, which are not deemed necessary to be considered separately and in detail, questions relating to the obligations and liabilities of the carrier, when the passenger is carried beyond the place of his destination through negligence of the carrier, are raised and presented in the brief of appellant.

It is the duty of the carrier to transport the passenger to the place of his destination, and there afford him reasonable opportunity and facilities to disembark with safety; if the carrier fails to discharge this duty, and through such failure carries the passenger beyond his destination, it is thereby rendered liable to the passenger for such injury as he may sustain as the proximate result of the negligent breach of the contract of carriage. What is the proximate cause of an injury is ordinarily a question for the jury, and not a question of science or legal knowledge; and is to be determined as a fact, in view of the circumstances of the particular case. Jones v. George, 61 Texas, 353. An act may be said to be the proximate cause of an injury, when the injury is the natural and probable consequence of the negligence or wrongful act, and which, in the light of attending circumstances, should have been foreseen. Eams v. Railway, 63 Texas, 660.

"The practical construction of 'proximate cause' by the courts, is a cause from which a man of ordinary experience and sagacity could foresee that the result might probably ensue." Sherm. & Redf. on Neg., 2 ed., sec. 10.

If a railway company negligently carries a passenger beyond his destination, and does not back the train to the station and afford the passenger an opportunity to get off there, but causes the passenger to

disembark at a place other than his destination, then any necessary expense, inconvenience, and discomfort to which the passenger is subjected in getting to his destination, should ordinarily be considered the proximate result of the negligence of the company in carrying him beyond his place of destination, and the railway company would be liable therefor. If, however, an injury resulted from the *manner* of getting off the train, and not the place at which the passenger got off, the original negligence of the company in carrying the passenger by the station would be too remote to be considered as the proximate cause of such injury. In the present case, the great injury and damage is alleged to have resulted from the act of Mrs. Woods in jumping off the platform of the car to the ground, which it is alleged that she did at the direction of an employe of the company, and under great excitement and fear that the train would start and carry her still further from the place to which she desired to go. There was evidence tending to show that a passenger on the train, upon hearing that Mrs. Woods was being carried beyond her station, went into another car, called upon the conductor to stop the train, and then returned to Mrs. Woods and induced her, upon the stopping of the train, to jump from the car. Upon this phase of the case, appellant asked the following special charge:

"If you believe from the evidence that the train upon which Mrs. Woods was riding was not stopped at Mesquite a reasonable length of time for her to alight, and that after she had been carried by Mesquite, Mrs. Woods manifested a desire to be put off, and that a passenger on said train, having no control over its movements, acting as an independent human agent, went into another car, called upon the conductor to stop the train, and then returned to Mrs. Woods and induced her to leave the car and jump from the steps in such a way as to injure her, without any act on the conductor's part immediately or proximately causing such act, independent of said failure to stop said train at the station, which is a fact for you to settle, then plaintiff can not recover for any damages resulting from the act of Mrs. Woods in jumping from the steps of said car."

The charge requested was appropriate and a correct enunciation of the law, and should have been given. If the company negligently carried the passenger beyond her station, and stopped the train at a place other than the place for her to get off, and was negligent in failing to afford her suitable facilities for safely getting off the train, on account of which she was injured, the company would be liable; or if, after stopping the train, the operatives of the train urged her to hurry and jump from the platform of the car, and she did as directed, then, if the act was such as an ordinarily prudent person would have done under such circumstances, the railway company would be responsible for the resulting injuries. The passenger was not compelled to make a formal demand on the operatives of the train to back the train to the station, or to carry her on and return her by another train, before she

could claim liability on the part of the company for its negligence in carrying her by her station, or negligence as to opportunity and means afforded her for getting off at a place other than the station. When the train was stopped for her to get off, she had the right to do so, rather than be carried further, and the company owed her a high degree of care as to facilities offered for safely disembarking, and if she was injured as a result of a failure to exercise such care, without fault or negligence on her part, the company would be liable.

These propositions are announced in response to assignments of error presented.

On account of the errors in the charge, and the failure to give special charges asked, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered October 10, 1894.