THE AMERICAN EXPRESS COMPANY

*v.*

HARRY RISLEY.

*Opinion filed April 17, 1899.*

1. NEGLIGENCE—*negligence may be the proximate though not sole cause of injury.* Negligence may be the proximate cause of an injury though not the sole cause or the nearest cause in order of time, where such negligence is so connected with the injury that without it the injury would not have happened, and where ordinary care and sagacity could have foreseen the result.

2. SAME—*whether negligence charged is proximate cause of injury is for the jury.* Whether the negligence of servants of an express company in placing a chute crosswise of an express car, contrary to custom, was the proximate cause of the injury to a brakeman, which happened through a collision of such protruding chute with a car on the side-track, is a question for the jury.

*American Express Co.* v. *Risley*, 77 Ill. App. 476, affirmed.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of Wabash county; the Hon. P. A. PEARCE, Judge, presiding.

BAKER & DANIELS, and S. Z. LANDES, for appellant.

BELL & RISLEY, and E. B. GREEN, for appellee.

Mr. JUSTICE PHILLIPS delivered the opinion of the court:

Plaintiff, the appellee here, was, at the time of receiving the injuries for which this suit was brought, a passenger brakeman in the employ of the Cleveland, Cincinnati, Chicago and St. Louis Railway Company, called the "Big Four." His train arrived at Vincennes, Indiana, at 9:10 in the evening of the 13th of July, 1897. The declaration charges that he was an employee of said company, and while in the discharge of his duty as brakeman on said train, and immediately after said train No. 2 had discharged its passengers and crossed the track of the Baltimore and Ohio railroad in Vincennes, preparatory to transferring the express matter of the American Express Company from said Big Four train No. 2 to the Evansville and Terre Haute railroad train No. 4, going north at that time, the plaintiff was standing, as it was necessary for and was required of him to do, in the doorway of the baggage car of said Big Four train No. 2 for the purpose of spotting or seeing that the baggage car on said Big Four train No. 2 and the Evansville and Terre Haute train No. 4 should be stopped with their doors even, for the purpose and in order that the expressage from said Big Four train No. 2 could be conveniently and expeditiously transferred to the express car of the said Evansville and Terre Haute train No. 4, and while the plaintiff, with all due care and diligence for his own personal safety, was then and there performing his said duties as passenger brakeman, the defendant, by its servants and employees, whose duty and custom it was to come on the plaintiff's train upon its arrival for the purpose of handling and transferring defendant's express matter, had come to the express car of said Big Four train No. 2, in which plaintiff was so engaged, for the purpose of so discharging and transferring defendant's express matter from the said Big Four train No. 2 to the Evansville and Terre Haute train No. 4, and did so care-

lessly and improperly manage and handle a chute or
trough used by defendant's servants and employees for
transferring express matter from the Big Four trains to
the Evansville and Terre Haute trains, that said chute
or trough, which was made of boards and very heavy, be-
ing about ten feet long, was by the careless and improper
handling of said servants and employees of defendant in
that behalf allowed to protrude at great and unnecessary
length from the east side of said Big Four baggage car,
causing it to strike a coal car on the track of the Indian-
apolis and Vincennes railroad, thereby causing the west
end of said chute or trough to be suddenly and violently
thrown around and against the plaintiff, and said plain-
tiff was then and there struck by said chute with great
force and violence, several feet of said chute being broken
off by said blow, and plaintiff's feet were mashed and
bruised, etc., and he was injured, wounded and crippled
in his feet by said chute striking him, etc., and plaintiff
was then and thereby, on account of and by the careless
and improper handling of said chute by defendant's ser-
vants and employees, greatly bruised, etc.

From the evidence it appears that the baggage car
referred to in the declaration was also used as an express
car, and that there was therein a large amount of express
matter, estimated to be about eight thousand pounds, all
of which was piled about in the car ready to be trans-
ferred. The chute which caused the injury seems to have
been placed in the car at the time that the train stopped
at the passenger station. In any event, it was the cus-
tom for the employees of the express company to place
the trough in the car at that time, when the train would
move up and the express would be transferred by means
of it to the Evansville and Terre Haute railroad train.
This means was pursued in order to avoid the blocking
of the crossing for the length of time required to trans-
fer the express matter. It was the custom to place this
trough in the car lengthwise. Plaintiff testifies he had

never seen it placed in the car any other way, but on the evening of the accident it was placed crosswise in the car, leaving one end projecting about four feet from the car. At the time it was so placed in the car the plaintiff was standing either on the station platform or the car platform. He testifies that he ascertained from the employees of the defendant if they were ready when he signaled to go ahead. He then went through the car, stepped over the chute and went to the car door to "spot" the car opposite which he expected to give the signal to stop his train. The injury was caused by the end of the protruding chute striking a car on a parallel switch-track, thus causing the other end to swing back against the plaintiff. Plaintiff testifies he did not notice the chute when he entered the car, although he must have stepped over it.

Appellant claims there was a variance between the declaration and plaintiff's proof, the declaration charging the accident to have been caused by the careless and improper handling and managing of the chute, while the testimony shows the plaintiff was injured by the chute colliding with a car, caused by the motion of the train. The variance claimed by the counsel for the appellant on the trial, and which, only, can therefore be here considered, is that it was the motion of the train which caused the injury, and that the plaintiff himself put that motion in force. It would seem clear, however, that the injury was caused by the concurrence of three facts, the first being the chute placed in the manner shown; second, the coal car on the side-track; and third, the movement of the train. Certain it is, the careless handling and placing of the chute caused a condition which continued up to the time of the accident and contributed thereto. That other causes co-operated does not absolve the defendant for its careless or negligent act.

It is said in Shearman & Redfield on Negligence (3d ed. sec. 10): "Negligence may, however, be the proximate cause of the injury of which it is not the sole or immedi-

ate cause. If the defendant's negligence concurred with some other event (other than the plaintiff's fault) to produce the plaintiff's injury, so that it clearly appears that but for such negligence the injury would not have happened, and both circumstances are closely connected with the injury in the order of events, the defendant is responsible, even though his negligent act was not the nearest cause in the order of time. * * * The practical construction of 'proximate cause' by the courts is a cause from which a man of ordinary experience and sagacity could foresee that the result might probably follow."

In *Pullman Palace Car Co.* v. *Laack*, 143 Ill. 242, the court say (p. 261): "It is well settled that where the injury is the result of the negligence of the defendant and that of a third person, or of the defendant and an inevitable accident, or an inanimate thing has contributed with the negligence of defendant to cause the injury, the plaintiff may recover if the negligence of the defendant was an efficient cause of the injury." This further limitation is stated in the above case (p. 260): "If it could have been foreseen, by the exercise of ordinary care, that injury might or would result from the negligence."

Tested by the above authorities, the declaration alleged negligence which, under the proof, was properly submitted to the jury. It was for them to say whether the result that happened was an ordinary and natural result that might have been reasonably foreseen, considering all the circumstances of the case.

It is contended that plaintiff was not in the exercise of due care at the time of the injury. Under the circumstances of this case that question was wholly for the jury and the Appellate Court to determine. The jury might well believe the plaintiff's testimony that he did not know the chute had been placed in the position it was, notwithstanding the fact that he stepped over it. His attention was being directed to the train opposite, as his duties required. It was night; the car was not

brilliantly lighted; express matter was piled about ready to be unloaded, and it was the first time the chute had been placed in that position.

Appellant contends that the instructions given for the appellee are objectionable because they do not limit the negligence for which a recovery is sought to that averred in the declaration. We do not think they are open to that objection. Six instructions were given at the instance of the appellee. The third expressly limits the negligence to be considered to that charged in the declaration. The first three instructions must have been intended and were read and understood by the jury as one.

The fourth instruction told the jury that "the law imposed upon the servants of the defendant, in the course of their employment as such servants, the exercise of ordinary care in the transferring of express matter from one train to the other, and a failure to exercise such care would amount to negligence on the part of such servants, and would also be, in law, the negligence of the defendant." The giving of this instruction is complained of. While it might have been more accurately drawn, we are at a loss to comprehend how the jury could have been misled by it. The putting the chute on the train and coming on the train by the servants of the defendant, the moving of the train, the "spotting" of the car and the stopping of the train, all pertained to and were preparations for, and as such a part of, the transfer of the express matter. The corporation could only act by its servants, and for their negligent acts causing injury it is liable.

There was no error in the refusal of the instructions asked by the appellant.

Perceiving no substantial error in the record, the judgment of the Appellate Court for the Fourth District affirming the judgment of the circuit court is affirmed.

*Judgment affirmed.*