## CHICAGO, R. I. & P. RY. CO. v. BRAZZELL.

No. 4789.    Opinion Filed January 13, 1914.

Rehearing Denied March 10, 1914.

(138 Pac. 794.)

1.    APPEAL AND ERROR—Scope of Review—Weight of Evidence —Credibility of Witnesses. Where there is a conflict in the evidence on the issues joined, the determination of the question of fact thereon is solely for the jury.

(a) This court on review, where there is a conflict in the evidence on an issue in the trial court, will not weigh the evidence or determine as to the credibility of the witnesses; that, under the law in this jurisdiction, being solely within the province of the jury.

2.    NEGLIGENCE—"Actionable Negligence"—Elements. To constitute actionable negligence, where the wrong or injury is not willful or intentional, three elements are essential: (1) The existence of a duty on the part of the defendant to protect the plaintiff from injury; (2) failure of the defendant to perform that duty; and (3) injury to the plaintiff resulting from such failure.

3.    MASTER AND SERVANT—Injury to Servant—Negligence—Burden of Proof. The fact of an accident or injury to the employee as a rule carries with it no presumption of negligence on the part of the employer.

(a) It is incumbent upon the employee to prove that the accident or injury was a result of the negligence of the employer before he is entitled to recover damages therefor against the employer.

4.    SAME—Safety of Employee—Duty of Master. The master is bound to exercise reasonable care and diligence to provide a reasonably safe place in which the employee or servant is to work, and also reasonably safe machinery, tools, and implements with which to work, and to supply him with reasonably safe material on which to work.

5.    NEGLIGENCE—Extent of Liability—Proximate Cause. A party guilty of negligence or omission of duty is responsible for all the consequences which a prudent and experienced party, fully acquainted with all the circumstances which in fact exist, whether they could have been ascertained by reasonable diligence or not, would have thought at the time of the negligent act as reasonably possible to follow, if they had been suggested to his mind.

(Syllabus by the Court.)

*Error from District Court, Pottawatomie County;*
*Chas B. Wilson, Jr., Judge.*

Action by C. M. Brazzell against the Chicago, Rock Island
& Pacific Railway Company. Judgment for plaintiff, and de-
fendant brings error. Affirmed.

*C. O. Blake, H. B. Low, R. J. Roberts, W. H. Moore,* and
*J. H. Woods,* for plaintiff in error.

*H. H. Smith,* for defendant in error.

WILLIAMS, J. This proceeding in error is to review the
action of the trial court wherein the defendant in error, as plain-
tiff, sued the plaintiff in error, as defendant, to recover damages
for personal injuries alleged to have been received by said plain-
tiff on August 17, 1910, while in the employ of the defendant as
a car repairer in said defendant's shops at Shawnee, Okla. The
parties will hereinafter be referred to under the style and man-
ner in which they appeared in the trial court. The plaintiff was
injured whilst engaged in repairing a freight car by putting up
a coupler or drawbar. The trial was had and judgment rendered
in favor of the plaintiff for the sum of $7,500. On May 14,
1912, on appeal to this court, the judgment was reversed and
the cause remanded. On July 25, 1913, on a retrial judgment
was rendered in favor of the plaintiff for $12,000.

According to plaintiff's theory and the finding of the jury,
defendant furnished plaintiff a defective appliance, to wit, a spring
to be driven into the sleeve of the drawbar of a freight car, and
was directed by his superior or foreman to so drive said spring,
and the attachments to the spring were too long to admit the
spring in said sleeve, and, in attempting to drive said spring into
said sleeve, under the directions of his superior or foreman, and
as a result of said spring having such attachments to it, he was
struck by a chisel, which sprung out of said sleeve, striking
plaintiff in the face and knocking him backward against the
wheels of said freight car, the back of his head near the base
of the brain striking said car wheels, thereby rendering him un-
conscious and partially paralyzing his back.

Under the finding of the jury, the foreman, the superior, exercising ordinary care, should have known that the plaintiff was exposing himself without appreciation of the danger on his part to injury in attempting to put the said spring in the sleeve of said drawbar, and in this the said foreman was guilty of negligence.

The defendant insists that there was not sufficient evidence of primary negligence to require the case to be submitted to the jury, but admits that the evidence of the plaintiff, if true, would require such a submission, the contention being that all the evidence, other than that of the plaintiff, himself, was in conflict with that of the plaintiff, and for that reason the verdict should not be permitted to stand. Conceding that to be so, yet there being a conflict, and the plaintiff's evidence solely making the conflict, that raised a question of fact for the jury, and this court, under numerous decisions, is precluded from weighing the evidence where there is a substantial conflict, the credibility of the witnesses being solely for the determination of the jury.

To constitute actionable negligence, where the alleged wrong is not willful or intentional, three elements are essential: (1) The existence of a duty on the part of the defendant to protect the plaintiff from injury; (2) failure of the defendant to perform that duty; and (3) injury to the plaintiff resulting from such failure. *C., R. I. & P. Ry. Co. v. Duran,* 38 Okla. 719, 134 Pac. 876.

Under the law in force in this jurisdiction, the fact of an accident or injury to an employee carries with it no presumption of negligence on the part of the employer; it being incumbent upon the employee to prove that the accident or injury was the result of the negligence of the employer, before he is entitled to recover damages therefor against the employer. *C., R. I. & P. Ry. Co. v. Duran, supra.* This is the general rule. The master, however, is bound to exercise reasonable care and diligence to provide a reasonably safe place in which the employee or servant is to work, and also reasonably safe machinery, tools, and implements with which to work and to supply him with reason-

ably safe material on which to work. *C., R. I. & P. Ry. Co. v. Duran,, supra.*

In the case at bar the plaintiff's allegation was that the master failed to exercise reasonable care, in that it supplied him with a defective appliance, to wit, a spring to be driven into the sleeve of the ·drawbar of the freight car, with an attachment which was too long; that on that account the spring could not be driven into the sleeve; that this the employee did not know; that when the same was sought to be driven into the sleeve it would bounce back, and as a result the chisel, usually used in driving the same into the sleeve, flew up and struck the servant on the head causing the injury. A person guilty of negligence or an omission of duty is responsible for all the consequences which a prudent and experienced party, fully acquainted with all the circumstances which in fact existed, whether they could have been ascertained by reasonable diligence or not, would have thought at the time of the negligent· act˙ reasonably possible˙ to follow, if they had been suggested to his mind. *C., R. I. & P. Ry. Co. v. Duran, supra.* Under the foregoing rules the questions not only as to the negligence but also as to proximate cause were for the determination of the jury.

No contention is made that the verdict is excessive.

The judgment ·of the lower court is affirmed.

All the Justices concur.