## FORT WORTH & D. C. RY. CO. v. MORROW. (No. 2196.)*

(Court of Civil Appeals of Texas. Amarillo. Nov. 7, 1923. Rehearing Denied Nov. 21, 1923. Appellant's Motion for Rehearing Denied Nov. 28, 1923.)

**1. Trial ⬦⟷352(5)—Special issue held obnoxious to rule requiring separation of issues, and misleading, and answer not to relieve defendant.**

A special issue as to whether a person of ordinary care, seeing alleged defects, should have anticipated that they would render a car dangerous to any one dumping the same, held obnoxious to Vernon's Sayles' Ann. Civ. St. art. 1984a, and misleading as submitting issues of ordinary care on part of both employer and employee, and the jury's negative answer to such issue not to relieve defendant of liability in view of other findings adverse to it.

**2. Negligence ⬦⟷140—Instruction defining "proximate cause" held not misleading.**

Instruction defining "proximate cause" as that cause which, in a natural and continuous sequence, unbroken by any independent cause, produces an event and but for which the same would not have occurred, and 'as that cause from which a person of ordinary experience and sagacity could foresee that the result complained of might ensue, is 'not misleading, though leaving out the word "probably" before "might" (quoting Words and Phrases, first series, "Proximate Cause").

**3. Trial ⬦⟷215—General charge where case submitted on special issues held error.**

In an action for death where the court defined negligence in the abstract and submitted the case on special issues, it was error to charge generally as to defendant's duty to use ordinary care and that, if it failed to use ordinary care and as a proximate result therefrom deceased was injured, then defendant was guilty of negligence.

Appeal from District Court, Potter County; Henry S. Bishop, Judge.

Action by Laura Morrow against the Fort Worth & Denver City Railway Company. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

Thompson, Barwise, Wharton & Hiner, of Fort Worth, and Turner & Dooley, of Amarillo, for appellant.

L. C. Barrett, Marvin Jones, and C. B. Reeder, all of Amarillo, for appellee.

RANDOLPH, J. This is the second appeal in this case, and the opinion on the former appeal will be found in 235 S. W. 664. We adopt 'the statement of the case as made in that opinion, and will make only such additional statements as are necessary to make clear our rulings upon the questions discussed herein.

We are confronted with questions arising upon error assigned in the main charge of the court, upon the answers of the jury to issues submitted, upon the refusal of requested issues, and of the refusal of a peremptory instruction requested by appellant. In addition to the main charge the trial court submitted to the jury 24 special instructions requested by the appellant, and refused 13 requested by it. Out of this very abundant record appellant has carved numerous assigned errors, only a few of which we think it necessary to discuss.

[1] The first question presented to us in the brief is one of error on the part of the trial court in failing and refusing to render judgment for appellant upon the answers of the jury to appellant's special issue No. 11. This issue, as given to the jury, is as follows:

"Should a person of ordinary care, as that term is defined in the main charge in paragraph 1, thereof, seeing the alleged defects, if any, or any of them, to the car in question, have reasonably foreseen and anticipated that said defects or any of them, if there were any such, would render the car in question dangerous to any one attempting to dump same, under the circumstances shown by the evidence herein?"

It is urged by appellant that the jury having answered this question, "No," it would not be liable for the death of deceased.

It will be observed that this issue is so worded that if it were answered "No" an exoneration from liability can be claimed by appellant, and if it was answered "Yes," then it can be claimed that the deceased should have reasonably foreseen and anticipated that the defects would render the car unsafe to work with. We do not mean to say that such was the intention of the party drafting this issue, but we do say that such is the effect of same being answered "Yes" or "No." As submitted to the jury, in practical effect, two separate issues are presented in one. One issue is that of ordinary care on the part of deceased, and the other is ordinary care on the part of his employer, the appellant. The status of the parties is not to be passed on from the same angle.

Article 1984a, V. S. C. S. of Texas, requires that special issues shall be submitted distinctly and separately and without being intermingled with each other, so that each issue may have its separate answer. H. E. & W. T. Ry. Co. v. Adams, 63 Tex. 206; Interstate Casualty Co. v. Hogan (Tex. Civ. App.) 232 S. W. 355, and authorities therein cited.

A judgment for appellant was not proper under this issue and answer. The jury, in answer to preceding questions, found that the injury he received in dumping the car had caused the death of deceased; that the dumping apparatus so used by him was defective at the time deceased was killed; that the furnishing of the car with its dumping apparatus in the condition it was in at the time deceased was killed was negligence on the part of the defendant; that such negligence of defendant was the proximate cause of the death of deceased; that deceased was not guilty of negligence; that deceased was not guilty of contributory negligence; that deceased had not assumed the risk of being injured or killed; that the death of deceased was not the result of an accident; that the cogs on the machinery operating the dumping apparatus were rusty and worn; that such defects were such as were discoverable by an ordinary inspection; and that there was no evidence of an inspection having been made.

Answering special issues submitted by appellant, the jury also found that the cogs were worn as claimed by plaintiff, that deceased did not know this. From these and other answers of the jury it is clear that the jury, in answering the special issue here in question, applied it to the conduct of the deceased as to whether he should have reasonably anticipated injury or death. We think, therefore, that this issue was obnoxious to the rule requiring separation of issues, and that the jury was misled by it and did not intend to apply it as construed by appellant.

[2] Error is assigned upon the court's definition of "proximate cause." The court's charge in that respect is as follows:

"Proximate cause, as that term is here used in the law, means that cause, which in a natural and continuous sequence, unbroken by any new, independent cause, produces an event and but for which the same would not have occurred. It may be further defined as that cause from which a person of ordinary experience and sagacity could foresee that the result complained of might ensue."

The first sentence of this charge is the recognized stereotyped definition of proximate cause. 6 Words & Phrases, 5761. That portion of the charge included in the last sentence seems to have been copied from an approved definition. T. & P. Ry. Co. v. Woods, 8 Tex. Civ. App. 462, 28 S. W. 416; Shear. & R. Neg. (2d Ed.) § 10, but the word "probably" occurring just before "might" is left out. The leaving out of this word "probably" we do not conceive could have misled the jury, and think that it is a hypercritical objection.

[3] Error is also assigned upon the action of the trial court in giving a general charge to the jury, where the case was submitted upon special issues. The charge complained of appears in the court's main charge after the paragraph defining "ordinary care," "negligence," "contributory negligence," "proximate cause," and "assumed risk," and is as follows:

"6. The defendant was not the insurer of the safety of the deceased; but it was its duty, on the occasion in question, to use ordinary care to have the dumping apparatus attached to the car to be unloaded reasonably safe for deceased and his coworkers to work with, and if you find and believe from a preponderance of the evidence that defendant failed to use ordinary care, and that it furnished the deceased and his coworkers a car with a dumping apparatus, that was defective, as is alleged in plaintiff's petition, and as a proximate result thereof the deceased was injured and killed as alleged in plaintiff's petition, then the defendant was guilty of negligence; and the burden of proof is on the plaintiff to prove such negligence by a preponderance of the evidence."

The court then instructed the jury that, bearing in mind the instructions given, to answer the special issues then submitted, among which were the following: Was the dumping apparatus defective? Was the furnishing of said car, with its dumping apparatus in the condition it was in at the time the deceased was killed, negligence on the part of the defendant?

The trial court having defined negligence in the abstract and having submitted the case upon special issues, it was error to give this charge. T. & N. O. Ry. Co. v. Harrington (Tex. Com. App.) 235 S. W. 188.

In the Harrington Case, it is true, the trial court summed up the whole case and then told the jury that, if they found the matters and things set out to be true, then they must return a verdict for defendant. In this case, the court, under the guise of a charge on negligence and burden of proof, practically instructs the jury how to answer such issues as cover the questions of negligence, and to that extent is a general charge.

Bouvier's Law Dictionary defines a court's charge to be—

"The exposition by the court to the jury of those principles of law which the latter are bound to apply in order to render such a verdict as will, in the state of facts proved at the trial to exist, establish the rights of the parties."

That a general charge must not be given where a case is submitted to a jury upon special issues, see, also, Moore v. Pierson, 100 Tex. 116, 94 S. W. 1132; Cole v. Crawford, 69 Tex. 127, 5 S. W. 646; La Grone v. C., R. I. & G. Ry. Co. (Tex. Civ. App.) 189 S. W. 101 (writ denied).

Having considered appellant's other assignments of errors not herewith discussed, and finding no reversible error, we overrule all such other assignments.

Because of the error of the court in giving the general charge as presented in appellant's sixth proposition, we order the judgment of the trial court reversed, and remand the case to that court for a new trial.