## ABDO v. MULLEN.

No. 25447. April 30, 1935.

Rehearing Denied July 9, 1935.

W. J. Campbell, for plaintiff in error.

John W. Simpson and J. Q. Chambers, for defendant in error.

PER CURIAM. At the time this action arose the plaintiff in error was operating a dairy farm and had as one of his employees the defendant in error. The defendant in error was a laborer, his duties consisting of milking cows, washing milk bottles, cleaning up the dairy barn, and doing general work of that nature around the premises. The plaintiff in error himself also worked at the dairy performing the same kind of duties that were performed by his employees. On the date of

the accident involved the parties were engaged jointly in repairing a cream separator. The defendant in error was holding the cream separator with his hands while the plaintiff in error was hammering upon some portion of the separator with a small hammer. They were making an effort to remove some of the unworkable parts of the separator for the purpose of replacing the same with other parts and putting the separator in proper repair. They had the top off the separator and defendant in error had his right hand in the separator holding some part thereof that they were trying to remove for repair. A wheel or some part of the separator dropped down into the inside thereof. Defendant in error instructed plaintiff in error to stop hammering on the side of the separator until defendant in error could change hands and take hold of the instruments with his left hand. He changed his hands and the process of hammering was resumed. Defendant in error alleges that thereafter the end of his little finger of his left hand was mashed; that the injury to his finger was caused by the negligence of plaintiff in error in that plaintiff in error resumed hammering on the separator before defendant in error advised him to do so. The injury to his finger at the time was not considered by defendant in error as serious. He thereafter merely wrapped his finger with a cloth and went ahead with his work. The accident occurred on or about the first of November, 1927. Defendant in error worked until December 6, 1927. During that period he milked cows, washed dairy bottles, cleaned up the dairy barns and stables and did such other work of that general nature as was necessary to be done around the dairy. On December 6, 1927, however, he went to a hospital and it developed that he had blood poisoning in his left hand. He received treatment at the hospital, and after his release therefrom his hand was still in a stiffened condition which was probably permanent. He later commenced this action in the district court of Tulsa county seeking to recover damages for alleged negligence of plaintiff in error in connection with this accident. The trial resulted in a verdict in favor of defendant in error. The verdict was approved by the trial court and the case comes here for review.

While there are a number of assignments of error set out in the petition in error, there are but two controlling questions presented by this appeal, namely:

First, was plaintiff in error guilty of any actionable negligence? and second, is there any causal connection between the injuries complained of and the alleged negligence?

An examination of the record shows conclusively that plaintiff in error was guilty of no actionable negligence in this case. The injury complained of was caused by a pure accident. The parties were engaged at the time of the accident in the simple task of repairing a cream separator. There is no testimony in the record as to how the accident occurred except that of the defendant in error himself. He testified that on the date of the accident he was working at the dairy; that his duties consisted of helping milk, washing bottles, washing up the milk house, cleaning the barn and working generally around the dairy barn; that at the time of the accident he and his employer were trying to take a wheel out of the cream separator; that he was holding a block inside the separator to keep it from breaking the outside spool while his employer drove the spindle out of the wheel with a small hammer; that he first had his right hand on the inside of the separator and it was bending his arm back so that he could not use it any longer and he requested plaintiff in error to stop hammering until defendant in error changed hands; that plaintiff in error stopped hammering and defendant in error thereupon pulled his right hand out of the separator and put his left hand in to pick up the block; that plaintiff in error then began hammering again; that when defendant in error turned the block loose he was holding with his right hand for the purpose of changing hands the block dropped to the bottom; that he reached his left hand into the separator and had picked up the block and was trying to replace it and when his employer hit the spindle with the hammer the impact drove the wheel against the little finger of his left hand and mashed it. This constitutes all of the evidence that appears in the record concerning the way the accident occurred. The plaintiff in error testified that he did not remember anything about the accident; that if this employee did get his finger mashed he did not know it.

The question here presented is not the sufficiency of the evidence to establish the negligence of the defendant, but was there any evidence tending to prove negligence? No liability for negligence attaches to a party when, in the prosecution of a lawful act, injury to another is caused by a

pure accident; nor can any one be said to be negligent merely because he fails to make provisions against accident which he could not be reasonably expected to foresee. Upon the question here raised this court, in the case of Chicago, R. I. & P. Ry. Co. v. Watson, 36 Okla. 1, 127 P. 693, said:

"Negligence is the failure to do what a reasonable and prudent person would ordinarily have done under the circumstances, or doing what such a person would not have done. Anderson, Law Dic.

"Negligence must be shown by evidence. Proof of injury is not proof of negligence. The evidence to justify a finding of negligence must show a breach of duty on the part of the defendant, such that a reasonable person should have foreseen would as a natural consequence cause an injury. Not necessarily would probably cause an injury in the sense of more likely to cause an injury than not. But the likelihood must be such as a reasonable person could foresee that injury would result in the ordinary course of things; that injury was one of the probable results and likely to happen. A mere possibility of the injury is not sufficient where a reasonable man would not consider injury likely to result from the act as one of its ordinary and probable results. See Solts v. Southwestern Oil Co., 28 Okla. 706, 115 P. 776. In this case there was nothing inherently dangerous in the work to be done. The defendant was only required to take such precaution as a reasonably prudent person might have foreseen would be necessary to prevent the injury."

In this case there was nothing inherently dangerous in the work to be done. The repair of this cream separator was a simple task. The cream separator was a simple appliance or device. The act of repairing it was a very ordinary performance. The plaintiff in error was only required to take such precaution as a reasonably prudent person might have foreseen would be necessary to prevent the injury.

The case in this respect falls within the principle of a mere accident occurring unexpectedly from a common course of things in which it had probably never happened before and is not likely to happen again. It is attributable to a cause not usually and scarcely ever followed by such consequences.

In the case of O'Neal v. Vie, 94 Okla. 68, 220 P. 853, on this point this court held (3rd syl.):

"Negligence must be shown by evidence, and the evidence, to justify a finding of negligence, must show a breach of duty on the part of the defendant such that a reasonable person should have foreseen would as a natural consequence cause an injury, not necessarily would probably cause an injury in the sense of more likely to cause an injury than not, but the likelihood must be such that a reasonable person could foresee that injury would result in the ordinary course of things. A mere possibility of the injury is not sufficient, where a reasonable man would not consider injury likely to result from the act as one of its ordinary and probable results."

See, also, Midland Valley Railway Co. v. Graney, 77 Okla. 54, 185 P. 1088; Gypsy Oil Co. v. Ginn, 88 Okla. 99, 212 P. 314.

There was no breach of duty that the plaintiff in error owed to the defendant in error. The record contains no evidence of negligence. The demurrer to the evidence should have been sustained. Failing in that the court should have directed the jury to return a verdict for plaintiff in error.

There is likewise no causal connection between the injury complained of and the alleged negligence of plaintiff in error. The testimony of defendant in error himself shows that the accident complained of was of very little consequence at the time it happened. He states that probably ten minutes after the accident he wrapped his finger; that he took the wrapping off at noon that day when he washed his hands; that as soon as he could get a clean cloth he put the wrapping back; that he would take the wrapping off when he washed his hands; that he worked on there, cleaning the mashed finger nail in that manner from November 1st to December 6th; during that time he was washing milk bottles, milking cows, cleaning up the dairy barn, and doing such other work around the dairy as was usual and paid little attention to the injury he had received. In this connection he testified:

"A. Well, at that time there was no thought about getting infection in the finger and, of course, I didn't think so much about it. Q. Did you afterwards get it infected? A. I certainly did. Q. Can you tell the jury how you got it infected? A. No, sir. Q. Can you tell them when you got it infected? A. It began paining me, I think the severe pain started up the 6th day of December, if I remember right. Q. Then the pain began, or the infection began to manifest itself on the 6th of December, is that right? A. The infection began to manifest itself at that time. There was always some pain in the finger, and swollen after it was mashed."

Dr. Lemmon, the physician who treated

him, stated that he commenced treating defendant in error on December 6th, and further stated that the history of the case was:

"That he had injured his finger some time before—I forget how long it was—and that he had been taking care of it himself. I forget how long, but just a day or two before that, it started swelling and paining him worse."

We think it is clear from this record that there was no casual connection between the alleged act of negligence and the injury supposed to have resulted therefrom. The defendant in error after receiving the slight injury complained of worked for more than a month, using his finger in washing milk bottles, milking cows, cleaning up the dairy barn and in performing various other duties in connection with the dairy. It does not require the knowledge of an expert to establish the fact that the infection in his finger could have been produced in many ways. In view of the great length of time that elapsed between the injury and the blood poisoning, and the use by defendant in error of his hand during that period in the character of work that he was doing, it cannot be said that the blood poisoning in his hand that later developed was proximately caused by the alleged negligence of his employer. Upon this point we call attention to the rule stated by this court in the case of Thurlow v. Failing, 133 Okla. 277, 272 P. 368, which is as follows:

"In an action against an employer for damages for personal injuries received by a servant on account of alleged negligence of the master, there must be causal connection between the negligence averred and the injury received, to entitle plaintiff to recover. St. Louis & S. F. R. Co. v. Snowden, 48 Okla. 115, 149 P. 1083."

Negligence is the proximate cause of the injury only when the injury is the natural and probable result of such negligence, and in the light of attendant circumstances ought to have been foreseen by a person of ordinary intelligence and prudence. Wichita Falls & N. W. Ry. Co. v. Cover, 65 Okla. 110, 164 P. 660; Ponca City Ice Co. v. Robertson, 67 Okla. 86, 169 P. 1111; Corrigan v. Oklahoma Coal Co., 68 Okla. 35, 171 P. 47; Northup v. Eakes, 72 Okla. 66, 178 P. 266; Muskogee Electric Traction Co. v. Latty, 77 Okla. 156, 187 P. 491; Missouri, K. & T. Ry. Co. v. Stanton, 78 Okla. 167, 189 P. 753.

For this additional reason the case should not have been submitted to the jury, but the jury should have been instructed to return a verdict for plaintiff in error.

Plaintiff in error also complains of certain instructions given to the jury, but, in view of the disposition of the case on other features, it is unnecessary to enter into a discussion of the court's instructions.

The judgment of the trial court is reversed.

The Supreme Court acknowledges the aid of Attorneys W. L. Farmer, James H. Everest, and Charles E. Francis in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Farmer and approved by Mr. Everest and Mr. Francis, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

OSBORN, V. C. J., and BUSBY, WELCH, PHELPS, CORN, and GIBSON, JJ., concur. McNEILL, C. J., not participating.